(46 South. 348.)

No. 16,868.

GRANDCHAMPT et al. v. BILLIS' HEIRS et al.

(March 30, 1908. Rehearing Denied April 27, 1908.)

1. ACTION — CONSOLIDATION — ACTION BY HEIRS—PROBATE OF WILL—ATTACK ON.

A petition alleging that a married woman has died intestate, leaving community and separate property, free of debts, that her estate is held by the administrator of her husband, and that plaintiffs are her heirs at law, discloses a cause of action with respect to the prayer, that, after citation of such administrator and of the heirs of the husband, plaintiffs be put in possession of such estate. But where, after the bringing of such suit, an instrument purporting to be the last will of the alleged intestate is offered for probate, in the same court, and is attacked by such plaintiffs as illegal, and on the grounds that the husband, named as the beneficiary, was "unworthy" and incapable of inheriting, the suit already brought should be referred to the proceeding in which the will is thus attacked and the probate thereof opposed.

2. DESCENT AND DISTRIBUTION — RIGHTS OF COLLATERAL HEIRS—ATTACKING INVOLUNTARY ALIENATION—ACTIONS.

Though collateral heirs have no capacity to attack a donation or voluntary alienation of property made by one from whom, under the law, they are entitled to inherit, such incapacity does not extend to the case of an involuntary alienation, where the property is alleged to have been wrested from the de cujus by force, fraud, or threats, for, in such case, the heirs, whether collateral or forced, in seeking to recover the property are attempting, not to defeat the purpose of the owner in exercising his legal rights, but to vindicate those rights, as well as the right which the law gives to the heirs themselves to inherit from the owner the property of which the latter had not voluntarily disposed, and which, therefore, belonged to him at the time of his death.

(Syllabus by the Court.)

Appeal from Thirteenth Judicial District Court, Parish of Grant; Wilbur Fisk Blackman, Judge.

Action by Victor Grandchampt and others against the heirs of Joseph Billis and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Joel L. Fletcher, for appellants. William Butler Clark, for appellees, heirs of Billis. W. C. & J. B. Roberts and James Alexander Williams, for appellee, administrator.

### Statement of the Case.

MONROE, J. Plaintiffs have appealed from a judgment maintaining exceptions of no cause of action and dismissing their suit. The allegations upon which they rely, as disclosing a cause of action, are, substantially, as follows, to wit: That they (together with Dolly Deslouche) are the sole heirs of their aunt, Lola Grandchampt, deceased wife of Joseph Billis, who died intestate about February 23, 1907; that, in addition to her interest in the community which existed between her and her husband, decedent left a tract of land, which is described, and which she acquired by donation, inter vivos, from Joseph Billis (who afterwards became her husband) on May 6, 1897, the act of donation having immediately preceded the marriage and having been made in consideration thereof; that Antoine Morat, claiming to have inherited under the law and by will from Joseph Billis (who, like his wife, died about February 23, 1907), has caused himself to be appointed administrator of said Billis' succession, and, on his own behalf and on behalf of the other heirs of said Billis, has taken possession of said property belonging to Lola Billis; that plaintiffs have been unable to ascertain who the heirs of Joseph Billis are, but believe that he left collateral relatives in France and in New Orleans, and that the French consul should be notified and an attorney for the absent heirs appointed. Plaintiffs then allege that, "in the event it is claimed by the heirs or legatees of said Joseph Billis * * * that the said Lola * * * deceased wife * * * did donate the above-described property back to Joseph Billis, * * * your petitioners deny the same and * * * allege * * * that, if any attempt was made to donate the same, it was subsequent to the marriage, * * * that this property, received by the said Lola Billis in consideration of her marriage, was her separate, dotal property under the law,

and could never be transferred to the husband; but, should the court hold that said property was paraphernal, and not dotal, or in any event your petitioners further oppose the pretended donation from the said Lola to Joseph Billis, and allege that it was not her own free will and act; * * * that it was the direct result of force, fraud, and threats of the said Joseph Billis; * * * that it was a disguised attempt to revoke the donation made by said Billis to his future wife, on account and in consideration of his marriage, and to alter, after the celebration of marriage, the matrimonial agreement, made before marriage, in the face of the laws of prohibition; that it was a disguised attempt to have the said * * * wife * * * renounce her matrimonial, dotal, paraphernal rights (as the court may hold the status of said property to be), and that the notary public who received the said act did not detail to the said Lola Billis, wife, in the act, nor explain, verbally, to said married woman, out of the presence of her husband, the nature of the contract she was signing; that she did not appear willingly nor voluntarily before said notary to execute said act, but that said Billis applied to him, and of his own motion had the notary prepare the act, which was written up and prepared at the office of the attorney, in Colfax, some 12 miles distant from the home and presence of the said Mrs. Lola Grandchampt Billis, and carried by the notary to the premises, the said Joseph Billis having procured the witnesses from among his friends, and that her act as aforesaid was superinduced by fear of the said Billis, who walked the floor and swore and cursed her and at her, and committed other undignified acts, to her shame and humiliation, in the presence of the officers and witnesses, and used over her and towards her all the force and threats which he could command by reason of the situation and being her husband

and under the law entitled to her obedience, and that her having signed the said act was to placate, silence, and try to please and obey her said husband; that, at the time of the signing of said act, if the same had been true or of any force or effect, she devested herself of all she had, leaving and retaining not anything for her own subsistence, except her share in the community of acquets and gains between her and her husband, at whose head was the said husband. * * *" That the manner of life of Joseph Billis being such as to outrage the community in which he lived, he, on May 6, 1897, married Lola Grandchampt, merely as a means of protection from apprehended physical violence, and being galled by the concession so made thereafter vented his spleen upon his wife until February 23, 1907, when he murdered her and committed suicide, and that "should the court hold that the act, or purported act, of donation from the said Lola Billis to said Joseph Billis did for any reason devest her of the said property above described, then in that event they (plaintiffs) desire, as her heirs and representatives, to have the same revoked and set aside, for ingratitude of the said donee. * * *" Plaintiffs further allege "that, if it be claimed that the said Lola Billis made a last will and testament to any one, the same, if her act, which is denied, was made shortly after her marriage with said Billis and before the acts of ingratitude above set out, and that should the court hold the form of the said will, if any, which is denied, to be good, then your petitioners show that said Billis was unworthy to take any thing from her succession, because of the acts and ingratitude and unworthiness above set out. Petitioners deny that there was ever executed by their said relative * * * any act of last will and testament; that if any such purported instrument is presented, it is a forgery, pure and simple; that the form thereof is insufficient, and that

it is lacking in all the essentials of a will; that it was not dictated by her to any one; that it was not witnessed; that the purported witnesses (sic) is a forgery, and, besides, lacking in number, and are not qualified; that she never wrote, dated, nor signed the said instrument. Petitioners also show that the said Lola Grandchampt, deceased wife, * * * has one-half interest in the legal community of acquets and gains, consisting of movable and other property and considerable money on deposit, in cash, in the hands of commission men; that there is no necessity for an administration; that your petitioners are owners of all her interest therein, or five-sixths thereof. They show that Antoine Morat knows the relatives and family of the said Joseph Billis, who are the proper parties to this suit, * * * and that he should be compelled, by rule of this court, to declare the same; that they and all of them are unknown to your petitioners and the information, as to their living in New Orleans, is not known to be true and your petitioners know none of the parties."

"Wherefore, the premises considered, petitioners pray that a rule issue and be served on said Antoine Billis, ordering him to make known, by proper answer hereto, who are the heirs at law of the said Joseph Billis, and that a copy of the petition duly certified, as the law directs, be served on the said Antoine Billis, administrator and individually, and upon each of the heirs at law of said Joseph Billis, to wit, his sister and his nieces and nephews, in the city of New Orleans, and his mother and sisters, in France, and upon all such persons as may appear to take from him under the law or by force or virtue of any will or testament, and that a curator ad hoc be appointed to represent all the absentees, as their names be, or may be, made known to the court or ascertained to be, who may in any wise inherit from the said Billis either by law or testament; that the duly

accredited consul of the Republic of France be served with like notice and copy of the petition, and be ordered, authorized, empowered, instructed, and permitted to appoint a delegate to represent such absentees, heirs at law, or by will, of the said Joseph Billis as may be French subjects, and that all and each of them be cited to answer this petition, all according to law; and, after all legal delays and trial duly had, that your petitioners do have and recover of and against the heirs at law, and by will of the said Joseph Billis, judgment recognizing your petitioners to be the lawful heirs and legal representatives of the deceased Lola (Grandchampt) Billis, and to be the true and lawful owners of the property and effects of her said succession, and ordering the administrator aforesaid to pay over to them one-half the money and all effects found in the legal community between her and said Joseph Billis, and against all of said heirs, decreeing your petitioners to be the owners, in the parts and proportions above set out, of the certain real property above described; and in the event the court should hold that the donation above complained of and mentioned as made by Lola Billis to said Joseph Billis ever amounted to anything in law to set the same aside and revoke it, for the grounds above alleged, and decreeing the said donation to be utterly null and void and of no effect, and disregarding the purported will and testament; but, if the court should hold the same to be good and valid in form and execution, that the said legatee be declared unworthy to take, and, further, placing your petitioners in possession of the portion of the property, as per their interests above claimed, in the succession of the said Lola Grandchampt Billis, and they further pray for all such other and further orders as may be necessary in the premises—for costs and for general and equitable relief."

Upon this petition, the judge a quo made orders appointing William B. Clarke, an attorney at law, curator ad hoc, "to represent the absent defendants who may claim, under the law or by will and testament, from the deceased, Joseph Billis, who are not represented by curator already appointed and the consul of France," directing that service and notice be made upon, and given to, Henry Denis, counsel representing the Republic of France, and that a rule be served on Antoine Morat, administrator of the succession of Joseph Billis, commanding him to declare the names and addresses of the heirs at law of Joseph Billis or show cause to the contrary; and, the parties mentioned having been served as directed, the following exceptions were filed, to wit:

"Exception of no Cause of Action.

"Now comes the defendant, Antoine Morat Billis, administrator and individually, and, reserving his right to further except, plead and answer, should this exception be overruled, urges his plea of no cause of action against plaintiffs' demands, for the following reasons, namely:

"First. That the petitioners disclose no cause of action against your defendant, relative to the will of Lola Billis, deceased wife of Joseph Billis, deceased, because they do not allege that your defendant is attempting to probate the will.

"Second. That they do not allege any cause of action, and have no cause or right of action, to attack the donation made by Lola Billis, deceased, to Joseph Billis, deceased, because, according to the allegations of plaintiffs' petition, they claim to be collateral heirs, only, of Lola Billis, and, as such, they have no right to attack the donation made by Lola Billis to Joseph Billis.

"Third. That plaintiffs have no cause of action to claim the possession of any property, even if it were community property, between Lola Billis and Joseph Billis, deceased, because your defendant, Antoine Morat Billis, as administrator, has the right to administer the said property of the succession of Joseph Billis, even if part of that property were community property.

"Fourth. Plaintiffs' petition shows no cause of action against your defendant for the alleged unworthiness of Joseph Billis, deceased, for the reasons above stated, and that portion of the petition herein should be dismissed for the further reason that there is an application pending to probate the will of Lola Billis, which these plaintiffs have opposed, on certain grounds, and, in which proceeding, they are confined to set up any alleged grounds they may have.

"Wherefore, he prays that these exceptions be sustained, etc.

"[Signed] W. C. & J. B. Roberts and John A. Williams, Attorneys for Dft.

"Now into court come the legal heirs of Joseph Billis, deceased, represented by Henry Denis, acting herein under power of attorney from said heirs, and, reserving all right to further except and answer, should the exception be overruled, plead the exception of no cause of action. * * *

"[Signed] Henry Denis,
"W. B. Clarke, Attorneys."

As copied in the transcript, the minutes of the court show merely that the exceptions so filed were tried and maintained, and the suit dismissed. At the instance of plaintiffs' counsel, there has been added to the transcript a note of evidence which had been omitted, and from which it appears that the exceptors offered in evidence record No. 2,019, being the probate record in the succession of Lola Billis, and plaintiffs objected "that an exception of no cause of action is triable only on the face of the papers," which objection was overruled. The probate record, thus offered and admitted, has not, however, been included in or added to the transcript, the only thing relating thereto, which we find, being the following excerpts from the minutes, to wit:

"In the matter of the probate of will of Lola Billis:

"All matters relating to the probate of the will of Lola Billis be and the same are hereby continued until the judgment of the Supreme Court is rendered in suit No. 2,014, on docket of this court, styled Victor Grandchampt vs. Heirs of Joseph Billis et als., which is on appeal, exception 'no cause of action,' to Supreme Court. It is admitted that the property involved in suit No. 2,014 is worth more than $2,000."

## Opinion.

The defendant administrator is sometimes called Antoine Morat and at another time "Antoine Billis," but as he appears in the name of Antoine Morat Billis, and no exception is taken to his doing so, it will be assumed that the latter is his name.

It is evident from the fact that it bears the number 2,014 on the docket of the district court, while the probate proceeding, in the matter of the succession of Lola Billis bears the number 2,019, that this suit was instituted before that proceeding; and, assuming, as we must, for the purposes of the exception of no cause of action, the truth of plaintiff's allegations that Lola Billis died intestate leaving no debts, that she was murdered by her husband, and that plaintiffs are her heirs at law, their petition, praying to be put in possession of her estate, unquestionably discloses a cause of action.

With reference to plaintiffs' demand to be recognized as the owners of the property said to have been donated by Joseph Billis to Lola Grandchampt, propter nuptias, it is true that the property in question, as acquired by the donee, was not dotal, for "Dotal property is that which the wife brings to the husband to assist him in bearing the expenses of the marriage establishment." Rev. Civ. Code, art. 2335. It includes "whatever in the marriage contract is declared to belong to the wife, or to be given to her, on account of the marriage, by other persons than the husband." Rev. Civ. Code, art. 2338. It does not include property acquired, propter nuptias, or otherwise, from the husband. Newman & Co. v. Eaton & wife, 27 La. Ann. 341; Bayly v. Becnel, 35 La. Ann. 778. Extra dotal, or paraphernal, property is that which forms no part of the dowry (Rev. Civ. Code, art. 2335); and, of that, "one of the married couple may, either by marriage contract or during the marriage, give to the other, in full property, all that he or she might give to a stranger." (Rev. Civ. Code, art. 1746).

From which it follows that the wife may, during marriage, return to the husband the property donated to her by him, before marriage, propter nuptias, and, though it be all that she possesses, her collateral heirs have no standing to bring suit, either to annul or to reduce such donation. Rev. Civ. Code, art. 1504; Bernard v. Noel, 45 La. Ann. 1135,

·13 South. 737; Scott v. Briscoe, 37 La. Ann. 178. Such incapacity, however, presupposes a donation, or voluntary alienation, and has no application to a case of involuntary alienation, where the property has been wrested from the owner by force, fraud, or threats; for, in such case, the heir, whether collateral or forced, in seeking to recover the property, is attempting, not to defeat the purpose of the owner in exercising his legal rights, but to vindicate those rights, as well as the right which the law gives to the heir himself to inherit from the owner the property of which the latter had not voluntarily disposed, and which therefore belonged to him at the time of his death.

In respect, therefore, to the recovery of the alleged separate property of Lola Billis, as in respect to the recovery of her interest in the community property, we are of opinion that plaintiffs' petition discloses a cause of action. The defendant Antoine Billis, however, alleges that there is an application pending to probate the will of Lola Billis, which these plaintiffs have opposed, on certain grounds, and to which proceeding they are confined to set up any alleged grounds they may have," and whilst, as we have seen, the record in the proceeding thus referred to has not been copied in the transcript of this appeal, it was conceded, in the argument, that the fact is as stated (i. e., that an instrument, purporting to be the will of Lola Billis, has been offered for probate and has been attacked by plaintiffs). Under the circumstances, though the exception of no cause of action is not good, plaintiffs' suit should be referred to the proceeding involving the probate of, and tried with their attack upon, the alleged will.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court to be there proceeded with according to law and to the views expressed in the foregoing opinion; the costs of the appeal to be paid by the appellees, and those of the lower court to await the determination of the suit.