## 5513.

## (Court of Appeal, Parish of Orleans.)

## MRS. JULIA LeBOEUF vs. MRS. EMILY MELANCON ET AL.

R. C. C. 3319 accords the wife a legal mortgage to secure the restitution of her paraphernal porperty, irrespective of whether the latter came into the husband's possession prior to or since the marriage.

Appeal from the 27th Judicial District Court for the Parish of St. James.

Marx, Wortham & LeBlanc, for plaintiff and appellant.

W. B. LeBourgeois, for defendant and appellee.

GODCHAUX, J.—Plaintiff alleges that "just before her marriage she gave her husband $1,300.00 in money to take care of for her" and that he has never repaid, but still owes same and she seeks to enforce her alleged legal mortgage to secure said claim against property sold by her husband to defendant since the recordation of notice of her claim.

On an exception filed by defendant the lower Court held that the wife had no legal mortgage to secure the restitution of funds entrusted to the husband before marriage and dismissed the suit; and the only question presented on plaintiff's appeal is the correctness of this ruling.

The point involved is a novel one in our jurisprudence and the only case which appellant cites as being directly in point is that of **Newman vs. Eaton, 27 An., 341.** There,

as in this case, the husband became indebted to the wife prior to the marriage and the Court held that the debt was the paraphernal property of the wife and that its restitution was secured by the legal mortgage. It is true, as appellee claims, that the **Newman case, supra,** was adversely commented upon, if not overruled, in **Cambre vs. Grabert, 33 An., 246,** where the debt of the husband to the wife arising prior to the marriage was held not to be paraphernal property nor secured by the legal mortgage. The **Cambre case** is based exclusively upon **Gates vs. Legendre, 10 Robinson 74,** which properly decided that, under Arts. 2355, 2367 and 3287 of the Code then existing, the wife's legal mortgage to secure her paraphernal property existed only in the particular contingency therein provided for. But the Code of 1870 extended the scope of the legal mortgage so as to embrace all character of paraphernal property of the wife, as will be readily seen by a comparison of these articles in the two codes and it is clear that the decision in the **Cambre case** was inadvertently rendered. The principles therein announced do not appear to have been since approved in any of the cases. On the other hand the ruling in the **Newman case, 27 An., 341,** has since been approved in **Dupre vs. Jenkins' 52 An., 1819;** and in **Grandchampt vs. Billis' Heirs, 121 La., 340;** and moreover impresses this Court as being in strict accord with **Article 3319 (3287),** which grants the wife in general terms and without exception a legal mortgage for the restitution of her paraphernal property irrespective of whether the latter came into the possession of the husband before or after the marriage ceremony.

"There is no exception stated. It is given in unequivocal language. * * * The mortgage is given because of her being under the power and

dominion of the husband and her incapacity to contract without his intervention. The mortgage springs from the fact that she is the wife.   *  *  *

**Pascal vs. Folse, 48 Ann., 1229.**

We do not consider that the cases cited by appellee have any application to the present controversy. They hold that the wife's legal mortgage does not extend to funds received of her by her husband prior to their becoming domiciled in Louisiana and the decisions are founded simply upon the principle that the law conferring the legal mortgage is not a "real" statute, operating upon immovables, irrespective of the domicile of its owner. Moreover, great stress was laid upon the fact that the mortgage was then tacit.

**Pratt vs. Creditors, 2 R., 501.**

**Stewart vs. Creditors, 12 A., 89.**

**Succession of Volansant, 12 A., 850.**

**Insurance Company vs. Tio, 15 A., 174.**

**Succession of Kirby, 18 A., 584.**

It is accordingly ordered that the judgment appealed from be set aside and reversed and the cause is now remanded to the lower Court for further proceedings according to law.

Reversed and remanded.

March 4, 1912.

Rehearing granted, March 18, 1912.

Dufour, J., dissents.

## ON REHEARING.

This Court will follow the doctrine announced by the Supreme Court of the State, though the French jurisprudence may be to the contrary.

GODCHAUX, J.—The case has been fully reargued and reconsidered, particularly in connection with the French authorities, which have been cited as announcing a doctrine contrary to that which we have heretofore expressed. The majority of the Court believes that the question under consideration is settled in this State by the decision in the 27th Annual case, referred to in our original opinion, and that consequently, we cannot consider nor be governed by the French jurisprudence.

The Court adheres to its original opinion and decree and our previous decree is accordingly reinstated and made the judgment of the Court.

Previous decree re-instated.

Dufour, J., dissents.

April 17, 1912.

Writ granted by Supreme Court, May 6, 1912.