The opinion of the court was delivered by
Nicholls, O. J.
Plaintiffs seek to annul a donation of certain property made by Francoise Marie Nezat to her husband, upon the ground that the donation was in violation of Art. 1497 of the Oivil Code, which declares that the donor shall in no case divest the donor of all his property — he must reserve to himself enough for subsistence ; if he does not, the donation is null for the whole.
The wife died some time in the year 1892, without having attempted to invoke the nullity of that act.
She left no descendants nor ascendants, and no question of an interference with the rights of forced heirs is involved in this case.
The plaintiffs base their rights upon being the collateral heirs of the donor.
Defendant excepted that plaintiffs’ petition disclosed no cause of action. This exception was sustained, the suit dismissed and plaintiffs have appealed.
Plaintiffs’ allegations as to the donation are that on the 20th day of September, 1880, the said Marie Francoise Nezat passed an act of donation inter vivos to Edouard Noel without reserving anything for her subsistence.
For the purposes of this exception we must assume as true that the property donated was the whole of donor’s property, anfl that the act of donation was passed without reserving anything for her subsistence.
The donor and donee were husband and wife. The donation was not made to a stranger, but to one who under the law was bound to support her (O. O. 119-120), and who, as no complaint was ever made to the contrary, we must presume complied with his obligations. The use, fruits and revenues of the property donated enured to the benefit of the community in which the wife was a partner, and contributed to her subsistence. (C. O. 2402.) Again, donations between married persons during marriage, though termed inter vivos, are always revocable, thus differing essentially from donations inter vivos in a strict sense, as the latter are by law, when once accepted, *1137 irrevocable. A revocation of tbe donation by the wife to her husband may be made at any time by her without her being authorized to that effect by her husband or by a court of justice. O. O. 1749.
In the case at bar the act of donation received full effect up to the dissolution of the marriage by death. The wife had the legal right to have revoked the donation and to have left the whole of the property to her husband by will had she so desired, without the possibility of complaint from the plaintiff, who had no vested right, absolute or contingent, on it.
The nullity declared by Art. 1497 of the Civil Code is absolute only relatively to the particular persons for whose special interest it was passed, and among these can not be classed her collateral heirs invoking it when she had not done so herself. See Scott vs. Briscoe, 37 An. 178.
In the case at bar the right to invoke the nullity was a personal one in the sense that when she died the right to revoke the act died also. To discover the true meaning of a law we must often consider the reason and spirit of it, the cause which induced the Legislature to enact it and the mischief which it sought to prevent or to remedy. However general may be the terms in which it is couched, it only extends to those things or persons it appears the Legislature intended it to reach and apply to. The law in question in its enactment did not have in view collateral heirs, and it certainly was not passed for their benefit.
The possible interest which such heirs might set up in donation between two spouses was too remote and contingent, in our opinion, to have been attempted to have been safeguarded by the law-maker through this article of the code.
For the reasons herein assigned the judgment of the District Court is hereby affirmed.