## No. 12,791.

### MRS. MARY BEAULIEU VS. MRS. MARY V. MONIN ET ALS.

The prohibition of our Code of donations *inter vivos* of all the property of the donor, leaving him destitute, is not removed by the promise or engagement of the donee to support the donor during life.  Civil Code, Art. 1497; 11 Rob. 302; 12 An. 204.

The owner who recovers his property owes to the party evicted the taxes paid and the value of useful improvements made by him which have augmented the value of the property.  C. C., Arts. 508, 3453; 16 La. 314; 33 An. 744.

The evicted party in bad faith owes rents from the beginning of his possession.  7 N. S. 112; 12 Rob. 256; 3 An. 258; C. C., Art. 3453.

The possessor under a title void on its face, because violative of a prohibitory law, can not claim the protection accorded by law to purchasers and mortgagees who acquire on the faith of the title conveying ownership placed on record by the owner.  8 N. S. 227; 19 La. 332; 1 An 286; 47 An. 49.

APPEAL  from  the  Nineteenth  Judicial  District  Court  for  the  Parish of Iberia.   *Voorhies, J.*

*Foster & Broussard* for Plaintiff, Appellee.

*Weeks & Weeks* for Defendants, Appellants.

Argued and submitted May 2, 1898.
Opinion handed down May 30, 1898.
Rehearing refused June 28, 1897.

The opinion of the court was delivered by

MILLER, J.   The plaintiff sues to annul a donation by her to her children, and to annul, also, the transfer by the donees to the Jean-erette Building Association, plaintiff claiming besides the rents of the property from the date of the donation.   The ground of the nullity of the donation demanded by the plaintiff is that it divested her of all her property, in violation of our law, hence is null; and it is averred the building association acquired no title by the transfer of the donees, hence is liable for the property and its revenues at ten dollars per month.   The children, the donees, in their answer aver that the acts, in form donations by their mother to them, were, in fact, the partition of the property, the subject of the acts, owned by them as heirs of their deceased father and by their mother, his widow, in community; that one of the defendants in consideration of his mother's transfer agreed to support her; that this and other stip-ulations of the children, in respect to their mother giving to her acts of transfer the effect of operating a partition and settlement of the succession of their father, were, by error, omitted by the notary, and it is insisted the acts should be construed in connection with the omitted stipulations deemed to vary their character; the answers further aver the transfer to the building association, and that valu-able improvements have been put on the property by the defend-ants, the children, and the association.   The building association answers that they acquired the property for a full price and in good faith, and that since the purchase the association and the children have paid taxes and made useful improvements on the property.   All the defendants unite in the reconventional demand, in the event plaintiff recovers, that their claim for taxes paid and for the value of useful improvements be recognized and enforced.   From the judg-ment, annulling the transfers of plaintiff to her children, decreeing that the building association acquired by the transfer to it only a mortgage on the one-half of the property, i. e., the half owned by the children, and rejecting the reconventional demands of the defendants, they appeal.

It is undisputed the property in controversy was acquired during the marriage dissolved in 1864 by the death of plaintiff's husband, hence was owned in equal parts by plaintiff and her children; that in 1889 she conveyed to them her share of the property for no con-sideration, the word donation being used in the act with other words

of conveyance, but in our view the acts are to be deemed donations manifested on their face; that subsequently the children conveyed to the Building Association, the acts importing that the association paid the price, but that the vendors owning shares of the stock of the association had borrowed an amount from the association equal to the price, which they stipulate to pay with six per cent. interest, according to the charter of the association until payment to be vested with the title. We think it established that when the plaintiff made the donations she divested herself of all her property, and we think it is also established that the property has been improved and taxes have been paid on it by defendants.

During the trial the defendants offered testimony for the purpose of showing that the defendants, or one of them, had agreed to support the plaintiff during her natural life, and that this agreement was the real consideration for her transfer of the property. The testimony was excluded on the grounds that it tended to contradict the acts, and no such issue was made by the pleadings. Another ground of exclusion, more serious, occurs to us; whether it would have aided the defendants, if admitted.

The purpose of the article of the Code, prohibiting donations that embrace all the donor's property, would seem to exclude that dependence for support implied by the agreement the defendants sought to prove. Civil Code, Art. 1497. Is such an agreement to be deemed the equivalent of the reservation by the donor exacted by the Code, of enough of his property to live? Is the donation that leaves the donor nothing, withdrawn from the very explicit prohibition of the Code, merely because the donee engages or promises to support the donor? It must seem that construction does not accord with the article of the Code on the subject. In the very early case of Vick vs. Deshautel, 9 Martin, 85, arising under the old Code, such a donation as that it is supposed would be shown by the excluded testimony was sustained. In the later case, Lagrange vs. Barre, 11 Rob. 302, the court commenting on the fact that the Vick case arose under the old Code, held that the donation of all the donor's property, though on the condition inserted in the act of full support of the donor by the donee, was null. " He must reserve enough for his subsistence," as required by the Code, the court held was not fulfilled by the agreement of support contracted by the donee. Again, in the case of Bourgeat vs. Dumoulin, 12 An., p. 204, the

court sustained the donation, embracing nearly all the donor's property, when in the act the donor reserved besides an annuity as a charge on the property for a sum deemed adequate for all the wants of the donee, and as we gather by the sequel of that case in Porche vs. Moore, 14 An., p. 238, there were also debts for which the donee was bound. We have no such case here, and the court in the Fourteenth Annual case drew the distinction between that and the earlier decision in 11 Rob., which it affirmed. We think the 11th Robinson case announces our law. Hence our conclusion is that the alleged agreement of the donees, even if it had been proved, would not have removed the transfers of the mother from the prohibition with which we are dealing. Nor can we accept the suggestion the acts were not donations, but were designed to effect a partition of the property. It is quite true, the acts state, that partition was intended, but it is manifest from the acts and all the testimony that no partition was proposed or effected, except among the children. As to the mother she gave all she had and received nothing. It is our conclusion the acts of transfer from the mother to the children are brought clearly within the prohibition of the Code of donations that strip the donor of all he possesses.

The Building Association invoke the protection accorded by law to purchasers and mortgagees acquiring on the faith of recorded titles. Miles vs. Odeu, 8 N. S., p. 227; Blanchard vs. Castille, 19 La., p. 362; Richardson vs. Hyams, 1 An. 286; Thompson vs. Whitbeck, 47 An., p. 49. But the principle of these decisions can have no operation in this case, because the title from the mother, violating a prohibitory law, carried its nullity on its face.

But though the title of the Building Association as against plaintiff can not be sustained, its claim for taxes and useful improvements, whether the demand is by the association or the children, rests on a different basis. The right of the evicted party to recover for such improvements, taxes or other charges for the preservation of the property, and add to its value, rests on the principle that the real owner can not profit at the expense of him who, during his possession under a title, though void, has by his expenditures improved and thereby augmented the value of the property. Civil Code, Arts. 508, 3453; Pearce vs. Frantum, 16 La., p. 414; Heirs of Wood vs. Nicholls, 33 An. 744. The record shows with reasonable certainty that these expenditures on the property were made with

the money obtained from the Building Association, by the children, the donees of their mother. We appreciate, as suggested in the briefs there can be but one recovery for these expenditures unless part were incurred by the association, and part by the children to whom the association made the loan. In the condition of the record we can not adjust the amount of the expenditures, or to whom the amount is due. We think it best, therefore, to comply with the suggestion in the briefs and remand the case to ascertain the amount paid for improvements, taxes and other charges for the preservation of the property, whether by the association or the other defendants. The defendants on the other hand are liable for the rents of the property from the date of the acts of donation under the void title conveying to all notice of its nullity. C. C., Art. 3453; Donaldson vs. Hull, 7 N. S. 112; Williams vs. Booker, 12 Robinson, 256; Hill vs. Bowden, 3 An. 258. The liability of the defendants can also be adjusted under our order to remand.

The plaintiff claims that the property should be decreed free from any mortgage in favor of the Building Association, the mortgage having been recognized by the judgment of the lower court on the one-half of the property belonging to the children. The question of the title or right conferred on the Building Association by their contract so far as that title affects the interest of the children to property acquired during the marriage of their mother, it is not necessary to determine. Our law annuls the donation in its entirety. C. C., Art. 1497. The mother is restored to all her rights as they stood before the donation, subject to her liability for the taxes and improvements. The nullity of the donation, the liability of plaintiff for improvements and taxes, and the accountability of defendants for rents are the only questions we determine.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, in so far as it decrees the nullity of the acts by which the plaintiff conveyed to her children the property in controversy, be affirmed—in other respects the judgment is annulled; and it is now ordered and adjudged that this cause be remanded to the lower court for the determination of the liability of plaintiff for improvements, taxes and other charges, if any, for the preservation of the property, and the accountability of defendants for rents, all other questions being reserved, and that plaintiff pay costs.