Statement of the Case.
NICHOLLS, J.
The applicants for the relief asked from this court allege in their petition: That they were defendants in the •suit of J. W. Harris v. M. W. and J. T. Wafer in the district court for Bienville parish, and appealed from the judgment against them to the Court of Appeal for the First Circuit. That said judgment was affirmed on the appeal. That there was error to their prejudice in said judgment. That •on January 3, 1895, the plaintiff and his wife made and executed the following contract:
“State of Louisiana. Parish of Bienville. Know all men by these presents that we J. W. Harris and L. D. Harris, wife of J. W. Harris, of the State and Parish aforesaid, for and in consideration hereinafter set forth, bargained and sold unto M. W. Wafer, wife of J. T. Wafer and sister of J. W. Harris, the following described property, real and personal, to wit: The N. E. % of S. W. %, Section 17, Township 14, Range 6, West, containing forty acres more or less, said land was purchased at tax sale by J. W. Harris. We also convey all the personal property to said M. W. Wafer, except two cows which are reserved for two negro girls unto M. W. Wafer, her heirs and assigns, binding our heirs and assigns to forever warrant title to the same.
“The condition of the above obligation is such that M. W. Wafer and J. T. Wafer is to take J. W. Harris and L. D. Harris, and maintain and provide and care for J. W. Harris and L. D. Harris as a father careth for his children during their natural lives.
“Now therefore should M. W. Wafer and J. T. Wafer refuse to care for and maintain as aforesaid J. W. Harris and L. D. Harris, as aforesaid, then this obligation to be null and void, otherwise to be and remain in full force and effect.
“Thus done and signed in presence of the subscribing witnesses this January 7th, 1895.”
That this foregoing contract was signed by said J. W. Harris and L. D. Harris, and witnessed by two lawful witnesses, and on the 23d of December, 1895, it was duly recorded in the conveyance records of the parish of Bienville, after being duly proved up. That petitioners accepted, signed, and executed this contract till Mrs. L. D. Harris died, and J. W. Harris left them. That they alleged error by the Court of Appeal:
First. That J. W. Harris had no right of action to recover the community half interest acquired from Mrs. L. D. Harris, whose death vested in them, in their opinion, a valid title, which could only be attacked by forced heirs, if at all, after her death.
Second. In affirming the judgment of the district court, under the law, and notably under the decision of the Supreme Court in Bernard v. Noel, 45 La. Ann. 1135, 13 South. 737.
Petitioners prayed for an order for a writ or writs of certiorari to review said final judgment of the Court of Appeal, directing that the record be sent up, to the end that the issues raised therein and the evidence adduced on the trial may be the subject of review, if necessary.
The record has been sent up under an order of this - court.
*825 From it we ascertain that on the 10th of January, 1902, J. W. Harris instituted a suit in the district court for the parish of Bienville against M. W. Wafer and J. T. Wafer, in solido, praying to he decreed the owner of and placed in possession of the property described in the above-described act, and for a judgment against them for $700 for the use and rent of the same.
In this petition the plaintiff referred to the act in question as a contract or donation to Mrs. Wafer, wife of J. T. Wafer, and averred that by said act of donation he divested himself of all of his property, and reserved nothing for his subsistence; that the act was null, being in violation of the prohibition contained in article 1497' of the Civil Code. The plaintiff set out fully all the movable property which was transferred in the act, which included even such articles as sheets and pillow cases. Plaintiff averred that the defendants had, at the time the act was passed, taken possession of all the property described, and held possession ever since, and refused to redeliver the same, though called on so to do.
After setting out the contract and declaring its illegality, plaintiff, to meet the contingency of the, court not taking his view of the contract, hut holding .that the act evidenced not a donation, but a sale, declared that Wafer and his wife had not complied with the conditions of the contract, and had failed and refused to care for and maintain him as they had bound themselves to do; that his wife, Mrs. L. D. Harris, died in the latter part of 1895, and that Wafer and his wife had, after the death of his own wife, treated him so harshly and unkindly as to render it impossible for him to live with them; that they hr.d done so in manner as set out for the purpose of making his life with them so disagreeable as to force him to leave them, and that he had, in consequence thereof, been obliged to do so; and that he had been for the last five or six years without a home and penniless. In view of this condition of things, he prayed in the alternative for the setting aside of the contract for noncompliance by the Wafers with the obligations assumed therein.
The district court found as a fact that, by the act attacked, the plaintiff, J. W. Harris, had divested himself of all his property; that he had not reserved enough for subsistence; that by article 1497 he was prohibited from doing this, and under the provisions-of that article the agreement which had been entered into was null as a whole; that the contract was not one of sale, as no price in money had been stipulated for between the parties as the consideration of the contract, but merely an obligation on the part of' the transferees to provide for, take care of, and maintain the transferror and his wife during their natural lives; that the acts evidenced really a donation inter vivos. It was-of the opinion that the transferees had taken possession of the property, and had held it in bad faith, and could not legally claim, as. they did, the prescription of three and five' years. The court also held that the defendants were liable for rents; that, under the evidence, they were entitled to the improvement which they had placed on the land,, as also to payment for board, and to the-reimbursement of the amounts which they had expended in paying debts of the plaintiff. It decreed that the various amounts-which it allowed should he offset by the-claim for rents and revenues. It decreed that the defendants should keep the cattle, hogs, and other things mentioned in the act in full satisfaction to the defendants for the-..amounts which they had expended in paying the debts of the plaintiff. It recognized plaintiff’s ownership of the land, and decreed, that he be placed in possession of the same.
This judgment was affirmed by the Court of Appeal on an appeal from the same to it. In passing upon the question of the reconventional demand which had been set up by *827 the defendants, the court said that it had been submitted to the trial judge, and that it would require a very extraordinary condition of affairs to justify it in disturbing its ruling in reference to such matters. It was of the opinion that the district court had equitably settled these contentions between the parties. The trial court held that the allegations contained in plaintiff’s contingent demand as to ill treatment, etc., were not sustained by the evidence.
Opinion.
The evidence adduced on the trial establishes beyond the possibility of a doubt the fact that the property conveyed in the act of January 3, 1895, to Mrs. M. W. Wafer, was the entire property belonging to either J. W. Harris or his wife. We concur with the two courts to which this case has been submitted that the agreement entered into by the plaintiff was not a sale, inasmuch as the consideration of the same was not a price in money, but an obligation on the part of the transferee to take care of and maintain Harris and his wife during their natural lives.
It is claimed that the agreement is not good as a donation, as it was not evidenced by a notarial act. We do not think the situation would have changed, had it been in fact executed before a notary and witnesses. The mere form of the act would not have changed the fact that by the agreement Harris had divested him of all his property, not reserving himself enough for a subsistence. The legal result of such a condition of affairs is fixed by article 1497 of the Civil Code, and has been acted upon in the cases of Lagrange v. Barre, 11 Rob. 302, and Beaulieu v. Monin, 50 La. Ann. 732, 23 South. 937.
In Bourgeat v. Dumoulin, 12 La. Ann. 204, which was a suit brought by collateral heirs of Onil Bourgeat to annul an 'act of donation inter vivos made by Bourgeat to the defendant (his sister-in-law), judgment was rendered in the district court in favor of the defendant, and the judgment was affirmed.
The Supreme Court referred to the Case of Lagrange, stating it did not question its correctness, but it drew a distinction between that case and the one then before it; pointing out that in the case then before it the. donee had engaged herself to pay the donor annually a sum of money, whereas in the Lagrange Case the latter threw himself upon the bounty of his donee. He reduced himself to the condition of a penniless man, dependent for food, clothing, medical attendance, and the other necessaries of life upon the promised gratitude of the person to whom he gave his all — the very imprudence which it was the object of the prohibitory law to remedy.
The court, in the Lagrange Case, very rightly held that the lawmaker never intended that, on a simple stipulation of alimony, a man should divest himself of his property by donation inter vivos.
The main proposition contended for in this case by the defendant is that, the act not having been attacked or set aside during the lifetime of plaintiff’s wife, her community interest of half in the property became irrevocably fixed and vested in her; she having signed the act of donation with her husband.
Defendant does not discuss at all the action of the two courts in respect to the incidental rights of the parties which resulted from, the setting aside of the act which was attacked. They urge, however, that the plaintiff, as a condition precedent to instituting his action, should have made a tender of the amount to which they were entitled for board and improvements, etc.
We think that plaintiff’s action was well founded, under the law and the evidence. The case is one falling under and governed by the principles announced in Lagrange v. Barre, 11 Rob. 302, in which the subject-matter was exhaustively considered. The *829 facts in Bernard v. Noel, 45 La. Ann. 1135, 13 South. 737, were, entirely different from those in the case at bar. The party who seeks herein to have the act set aside is the person who transferred the property. He himself invokes the nullity of the act. The position taken by the defendants as to the effect which the death of the wife of the plaintiff prior to the institution of the present action had upon the rights of parties is not tenable. It is true that the wife signed the act with her husband, but she had the ownership of no part of the property which was conveyed. It was community property, in which she had, at best, a mere contingent, prospective interest. She had no legal capacity to presently convey any part of that property, nor could she make any agreement as to the same which was to take effect upon her death. Her husband was the contracting party in the act,, and this in respect to the entire subject-matter of the agreement. The act, at its inception, was a nullity in its entirety, and so remained. At the death "of the wife her heirs inherited her interest in the community, freed from the illegal agreement, just as her husband, who made the contract, was himself freed from it. The heirs took her share in the community property subject to the' community contracts, but this particular contract, we hold, was no- legal agreement at all.
Plaintiff was under no legal obligation, as a condition precedent to instituting his action, to make a tender to the defendants. By an illegal agreement he had stripped himself of everything that he possessed, and to have required him to make a tender before enforcing his rights would have been practically to cut him off from his action. Equity has been done through the settlement of accounts between the parties by the judgment of court.
We find no error in the judgments of the district court and of the Court of Appeal, and they are therefore affirmed.