No. 2966

Second Circuit

TALBOT v. BEVANS

FEATHERSTON, Intervenor

(May 5, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Agriculture—Par. 11, 21.**

Under Article 3217 of the Civil Code, one who advances money to make a crop has a privilege on the proceeds of the crop and is entitled to be paid in preference to other creditors.

Appeal from the Third Judicial District Court of Louisiana, Parish of Union. Hon. S. D. Pearce, Judge.

Action by M. A. Talbot and Son against W. Henry Bevans; R. R. Featherston, intervenor.

There was judgment for intervenor and plaintiff appealed.

Judgment affirmed.

H. W. Dawkins, of Farmerville, attorney for plaintiff, appellant.

H. G. Fields, of Farmerville, attorney for intervenor, appellee.

INTERVENTION AND THIRD OPPOSITION OF R. R. FEATHERSTON

ODOM, J. On September 10, 1925, the sheriff of Union parish seized, under a writ of fi. fa. issued under a judgment rendered in a suit styled M. A. Talbot & Son versus W. Henry Bevans, one Ford automobile and an undivided one-half interest in certain cotton as the property of the judgment debtor.

On September 15 following Dr. R. N. Featherston intervened in said suit, claiming a privilege on the cotton seized as furnisher of necessary moneys and supplies advanced to Bevans to make the crop.

Intervenor prayed that the said cotton be sequestered pending the litigation and that upon final judgment the sheriff be ordered to pay his claim by preference.

He asked that Bevans, the common debtor, Talbot & Son, the seizing creditor, and the sheriff all be cited and served according to law.

They each accepted service and waived citation.

There was judgment for intervenor recognizing his claim for $199.20 and ordering it paid out of the proceeds of the cotton with preference and priority.

The seizing creditor, Talbot & Son, has appealed.

OPINION

Intervenor's claim against Bevans and his privilege on the cotton was established

beyond question. Bevans admitted that he was due intervenor $199.20, advanced to make the crop, and that he used the same for that purpose. Intervenor, therefore, had a privilege on the cotton under Article 3217 of the Civil Code, which privilege entitled him to be paid by preference out of the proceeds of the cotton.

Counsel for appellant earnestly argues that there was no necessity for the writ of sequestration. The property was already in the custody of the sheriff. The issuance of the writ could not and did not prejudice the rights of the seizing creditor. As a matter of fact, the sheriff did not seize the cotton under the writ because, as stated in his return thereon, the cotton was in his hands when he received the writ. The issuance of that writ was wholly unnecessary, and the lower court, on final trial, dissolved it.

We have carefully read and considered the brief filed by counsel for Talbot & Son, the seizing creditor, and, as we understand it, his serious ground of complaint is that intervenor did not ask for and obtain an injunction restraining the sheriff from selling the cotton seized; that the sheriff, therefore, had a right to sell and did sell the cotton under the writ of fi. fa. and, to quote the language of the brief:

"The sale in this case took place more than six months prior to the trial of this case and the sheriff has paid over long since the funds to the plaintiff (Talbot & Son.) The plaintiff, having been the purchaser of the same and having retained in his hands the funds realized from the sale in satisfaction of his judgment. * * * At the date of the trial the sheriff neither had in his possession the property nor the proceeds of the sale."

Counsel further says that no order issued instructing or ordering the sheriff to hold the property pending the outcome of the trial of the intervention.

Counsel evidently did not have access to the record at the time he wrote his brief, for he is somewhat mixed on the facts. On the day the intervention was filed the clerk of court ordered the property "held subject to the orders of the court". The sheriff accepted service of the order as did Bevans and Talbot & Son.

As to the payment of the proceeds to Talbot & Son, the sheriff in his return which he made on the writ of fi. fa., after reciting all the facts as to the seizure, appraisement, advertisement and sale of the cotton, closed the return as follows:

"And I announced said cotton sold to M. A. Talbot & Son and the said M. A. Talbot & Son having paid me the amount of their bid on said cotton, which amount I hold for further orders of the court, this the 10th day of October, 1925."

In his return on the writ of sequestration the sheriff said:

"There being no restraining order, and I having been ordered by the court to sell said property to satisfy said judgment, I did, on Saturday, October 10, 1925, sell the aforesaid property seized under said writ of fi. fa. to M. A. Talbot & Son for the sum of $258.42, they being the last and highest bidder, and expect to hold the proceeds of said sale pending the outcome of the intervention of the said R. N. Featherston herein."

He further mentions that:

"All parties having accepted service of the intervention herein."

Counsel for intervenor offered and had filed in evidence the order of court, the writ of fi. fa. and the sheriff's return thereon, the writ of sequestration and the sheriff's return thereon.

The sheriff, of course, had no right to stop the sale without the issuance of an

injunction. But his returns show that he obeyed the court's order and held in his hands the proceeds of the sale subject to the further orders of the court, which proceeds he now has.

The opposition was made upon the ground that the third opponent had a privilege which entitled him to be paid by preference under Article 401 of the Code of Practice. He had service made on the seizing creditor and the sheriff as required by that article.

The intervenor and third opponent having fully established his claim and his right to the privilege, the seizing creditor has no legal cause to complain at the court's judgment ordering the proceeds of the sale paid to intervenor.

The judgment is affirmed.