No. 2518

Second Circuit

ARMAND v. ARMAND

(May 22, 1928.   Opinion and Decree.)
(June 28, 1928.   Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Fraud—Par. 1, 9.**

In view of Article 1497 of the Civil Code allegations that a deed, of sale was in reality a donation by which the donor divested himself of all of his property is an allegation of fraud, and permits the introduction of parol evidence.

2. **Louisiana Digest—Donation—Par. 20, 30.**

Where the evidence conclusively shows that a purported sale was a donation by which the donor divested himself of all of his property it is null and void under Article 1497 of the Civil Code.

3. **Louisiana Digest—Evidence—Par. 352.**

Where the evidence as to the value of improvements placed on property is conflicting, the burden of proof being on the defendant to prove this defense, their value will not be allowed to the defendant.

4. **Louisiana Digest—Obligations—Par. 128.**

The law does not require that the plaintiff should have tendered to defendant the value of the improvements placed by defendant on the property prior to instituting the action to annul and therefore sale can be annulled before tender is made.

Appeal from the Tenth Judicial District Court, Parish of Natchitoches. Hon. John F. Stephens, Judge.

Action by Alex Armand against Edward Armand.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

M. L. Dismukes, of Natchitoches, attorney for plaintiff, apellant.

Phanor Breazeale, of Natchitoches, attorney for defendant, appellee.

WEBB, J.  The plaintiff, Alex Armand, brought this action against his son, Edward Armand, to annul and cancel a transfer of forty acres of land made by the plaintiff to defendant under an authentic act passed on August 13, 1921, purporting to be a sale for an expressed consideration of three hundred dollars cash.

The petition is somewhat vague, but construed liberally plaintiff, in substance, alleges that there was not any consideration for the transfer and the transfer was a donation in disguise and procured by defendant by fraudulent representations in that defendant, in consideration of the transfer, promised to contribute to the support of plaintiff and his wife (defendant's mother) and thereby caused plaintiff to divest himself of all of his property, and that the purported sale was null and void, being a donation by which plaintiff divested himself of all of his property.

Plaintiff further alleged, in the alternative, in event the transaction is held to have been a sale, that the same should be annulled for non-payment of the price, or that plaintiff should have judgment against defendant for the amount expressed as the price, with legal interest from the date of the transfer, with recognition of a vendor's privilege on the property, and plaintiff further alleged that defendant had built a dwelling house on the property, and paid the taxes thereon, and that he tenders to him one acre of land on which the dwelling house is situated in satisfaction of the payment of taxes and improvements, and he prays for judgment annulling the purported sale as a donation in disguise, and, in the alternative, for judgment annulling the sale for non-payment of the price, or for judgment for the price, and for general relief.

The defendant answered alleging that the transaction was a sale and that the price had been paid, in that the land had been purchased by plaintiff with the understanding that the price would be paid by plaintiff with amounts due defendant who was at that time a minor to be collected by plaintiff, and the land was conveyed to defendant when he became of age, and that wages due defendant to an amount in excess of three hundred dollars had been collected by plaintiff and the conveyance was made in pursuance of the agreement; defendant denied that he had promised to contribute to the support of plaintiff and his wife as the consideration of the transfer, or that any fraud had been practiced.

Defendant further alleged that he had placed improvements on the property of the value of fifteen hundred dollars and that he had paid the taxes thereon, and that the net revenues from the property had not been in excess of seventy-five dollars per year, and alleged that he would not be sufficiently remunerated by accepting the one acre of land tendered, and he prayed that plaintiff's demand be rejected, but should the transfer be annulled for any reason, that he should have judgment in reconvention for the value of the improvements or fifteen hundred dollars, and the amount of taxes paid, and that the transfer should not be annulled until the payment of such amounts.

On trial, judgment was rendered in favor of defendant, rejecting plaintiff's demand, and he appeals.

During the course of the trial parol evidence was offered by plaintiff and admitted over defendant's objection tending to show that there was not any consideration for the transfer other than an agreement of the defendant to contribute to the support of plaintiff and to show that plaintiff had divested himself of all his property, and on behalf of defendant evidence was offered tending to support his allegations as to the consideration of the transfer, and evidence was also offered as to the value of the improvements and use of the property.

The court, we understand, in deciding the case, concluding that the objection to the admission of parol evidence should have been sustained, and such evidence not being considered, judgment was rendered in favor of the defendant, and the parties in their presentation of the case here have confined their discussion almost exclusively to the question of the admissibility of the evidence, without giving much consideration to the facts established by the evidence, or the relief which the parties should be granted, should the evidence be considered, and entirely ignoring the alternative demands of plaintiff, which latter we presume are abandoned, and we shall confine our discussion to the admissibility of the

evidence and, if admissible, to the facts established, and the relief to be granted under the facts established.

The plaintiff apparently contends that parol evidence was admissible under the answer of defendant, the allegations of fraud, and under the allegations that the transaction was in fraud of the law.

The defendant in his answer did not admit the allegations of the plaintiff, and we do not think that his answer could be regarded as being in the nature of a confession either that the transaction was a donation or that plaintiff had thereby divested himself of all of his property, and if the only manner by which the transaction could be avoided by plaintiff would be on the confession of the defendant, resulting from the answers to interrogatories on facts and articles, or otherwise, the answer of defendant cannot be considered as sufficient to warrant the act of sale being set aside and decreed to have been a donation by which the plaintiff divested himself of all of his property, and we do not think the answer could be considered as an admission of error in the purport of the act so as to permit the introduction of parol evidence to show a purpose other than that expressed.

The allegations as to fraud having been perpetrated upon plaintiff by defendant, which were, that defendant had promised that he would contribute to plaintiff's support if plaintiff would make him a deed to the property, and that defendant had violated his promise, are very vague unless considered as an attempt to have the transaction declared to have been an onerous donation and then to rescind it for failure to comply with the charges imposed on the donee.

The authentic act stands as the sole and only evidence of the transaction between the parties until it is alleged and shown to have been signed in error, under duress or procured by fraud, and neither error nor duress being alleged, and the act having been passed before a notary public, where it may be presumed that the full purport of the instrument was explained to the parties, if an explanation was necessary, it is difficult to conceive of defendant having signed the instrument purporting to be a sale under the belief that he was signing an act of donation, or that, if he conceived, that he would hold the act of sale as being a donation, he did not do so with full knowledge of the difficulty which would confront him should the apparent vendee oppose his construction, and we are of the opinion the allegation of fraud was not sufficient to permit the introduction of parol evidence to vary or change the written instrument; but even if so, the evidence fails to establish that defendant had agreed to contribute to plaintiff's support.

The allegation that the transaction was in reality a donation by which plaintiff divested himself of all of his property, was, we think, in its legal conclusion, an allegation that the transaction was in fraudem legis, in view of Article 1497, C. C., which declares:

"The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole."

In Lagrange vs. Barre, 11 Rob. 302, the court said:

"The terms of this law appear to throw a certain incapacity upon every citizen to dispose and divest himself of all of his property by donation inter vivos, and declares that such donation shall be null (not reducible) if he has not reserved to himself enough of his property for his subsistence, etc."

And in Kelly vs. Kelly, 131 La. 1024, 60 So. 671, it was held that:

"The nullity of donations omnium bonorum is based upon motives of public order, and estoppel by acknowledgment or admission cannot be invoked to maintain a condition or state of things created in violation of a prohibitory law.

"Individuals cannot by their conventions derogate from the force of laws made for the preservation of order or good morals (C. C., Art. 11). Whatever is done in contravention of a prohibitory law is void, although the nullity be not formally directed. (C. C., Art. 12). It concerns the state that a donor should not pauperize himself by his gratuities."

And considering that the allegation was that the transaction was in violation of a prohibitory law relating to public policy, the question is presented, whether or not the plaintiff, who was himself a party to the violation of the law, and who was a party to an apparently valid act under which the unlawful transaction was masked, may introduce parol evidence in conflict with the act and to show that the transaction was unlawful and void.

In Lazare vs. Jacques, 15 Ann. 599, it was held that:

"Parol evidence is admissible whenever the obligation is one contracted in fraudem legis; it is immaterial what form may have been given to the reprobated contract."

And the ordinary heirs of an apparent vendor were permitted to establish by parol as against the apparent vendee that the transfer under the form of a sale was in fact an illegal donation and it has been held that donations made in violation of Article 1497 C. C. were absolutely void. (Ackerman vs. Larner, 116 La. 101, 40 So. 581; also Harris vs. Wafer, 113 La. 822, 37 So. 768; Rocques vs. Freeman, 125 La. 59, 51 So. 68; Joco vs. Joco, 129 La. 621, 56 So. 615; Cox vs. Busch-Everett Oil Co., 131 La. 817, 60 So. 256); and we are of the opinion that under the allegation that the transfer was made in fraudem legis parol evidence tending to support the plea was admissible and the evidence should be considered.

The evidence, we think, conclusively established that the plaintiff, as head and master of the community, was the owner of two forty-acre tracts of land, the record title to which appeared in the names of himself and wife, respectively, and that on the same date and before the same notary as the transfer made by plaintiff to defendant (which is attacked) the wife of plaintiff, authorized by him, transferred the tract appearing on the record in her name to Amy Armand, the daughter of plaintiff, for a like consideration as that expressed in the transfer from plaintiff to defendant, and that there was not any consideration as that expressed in the transfer from plaintiff to defendant, and that there was not any consideration at the time of the purported transfers by either of the apparent vendees, and that the lands thus conveyed were the only property owned by the plaintiff or the community.

The plaintiff and Amy Armand and the notary before whom the acts were passed, testified that there was not any consideration and that the real transactions were donations by the apparent vendors to the apparent vendees, and the only evidence to the contrary is the statement of the defendant to the effect that during the period of his minority the property transferred to him had been purchased by plaintiff under an agreement between plaintiff and himself that it would be paid for from wages due defendant by a third person and from the sale of cattle belonging to defendant, and the property deeded to defendant, and that the transfer was made in pursuance of such agreement.

The defendant did not attempt to state the amount due him for wages, or whether the same had been collected by plaintiff and paid on the property, and although it appears some cattle (three head) were given in part payment of the property by plaintiff, which defendant stated belonged to him, the source of his title to the cattle was very indefinite and uncertain, and plaintiff denied that he had collected any wages due defendant or that he was the owner of the cattle or that there was any such agreement as related by defendant.

We find that the preponderance of the evidence establishes that the real transaction between the parties was a donation, and having been made at the same time as the donation to the daughter of plaintiff, the two transactions should be considered as one in determining the question as to whether plaintiff divested himself of all of his property (Joco vs. Joco, 129 La. 621, 56 So. 615) and that thus considered the transaction was in violation of law (Art. 1497 C. C.) and null and void.

The evidence as to the value of the improvements on the property is conflicting, as well as to when some of the improvements were placed on the property, whether before or after the date of the purported sale; but considering that the burden of proof was on the defendant to establish such facts with reasonable certainty, and that he has had the use of the property for several years, we think an allowance of three hundred and fifty dollars, the estimated value of the dwelling house, which is the only improvement definitely shown to have been placed on the property by plaintiff, is all that can be allowed under the evidence, and without remanding the case for further evidence, which is not suggested.

The law does not require that the plaintiff should have tendered to defendant the value of the improvements placed by defendant on the property prior to instituting the action to annul (Wafer vs. Harris, 113 La. 822, 37 So. 768) and we do not think that the decree annulling the sale can be held in abeyance pending the payment of the allowance for improvements.

The circumstances presented we think authorize the courts under Act No. 265 of 1918 to be taxed equally against the parties. (Carraway vs. LeBlanc, 6 La. App. 192.)

It is therefore ordered that the judgment appealed from be avoided and reversed, and it is now ordered, adjudged and decreed that plaintiff, Alex Armand, have and recover judgment annulling and avoiding that certain act purporting to be a sale by Alex Armand to Edward Armand of the southwest quarter of the southeast quarter of section twenty-nine township eight north range seven west, containing forty acres, more or less, situated in Natchitoches parish, Louisiana, passed before J. O. Gunter, Notary Public, on the 13th day of August, 1921, recorded in book 148 at page 511 of the conveyance records of said parish, and that said act be cancelled.

It is further ordered, adjudged and decreed that defendant, Edward Armand, have and recover judgment in reconvention against plaintiff, Alex Armand, in the sum of three hundred and fifty dollars with legal interest thereon from the date of this decree.

It is further ordered that the costs in both courts be taxed equally against the parties, and that each pay one-half of the said cost.