O’NIELL, Chief Justice.
 

 The plaintiff is appealing from a judgment dismissing his suit on an exception of
 
 *917
 
 no cause or right of action. He is suing in his capacity as curator of an interdict, Louise Lanning Baker, to revoke or rescind a donation inter vivos made by her to her husband, John H. Baker, on May 17, 1924. He died in January 1946, and the Winnsboro State Bank and Trust Company, now the defendant in this suit, was appointed testamentary executor of his estate.
 

 The principal or primary demand of the plaintiff, as curator of the interdict, is that he shall be Allowed to revoke the donation on the ground that it was made to the donor’s husband and was therefore revocable by the donor at any time under the provisions of article 1749 of the Civil Code, which, before it was amended by Act No. 187 of 1942, declared that all donations made between married persons,' during marriage shall be revocable by the donor. That article was amended by Act 187 of 1942 so as to make interspousal donations made thereafter irrevocable unless such a donation should be made by a notarial act and unless the donor should reserve, by express stipulation in the act, the right to revoke the donation. The amendment however has no application to this case because it is expressly provided in the amending act that it shall apply only to donations made subsequent to the effective date of the amendment; and this is made certain by a provision in Section 4 of the amending act that article 1749 of the Civil Code is repealed only to the extent to which it is inconsistent with the amending act.
 

 In the plaintiff’s petition he bases his cause or right of action to be allowed to revoke the donation upon the mere allegation that it is or was an interspousal donation and that he, the curator, “desires to revoke said donation”. The plaintiff’s alternative demand, to have the donation declared null from the beginning, on the ground that it was a donation omnium bonorum, is founded upon article 1497 of the Civil Code, which provides that a donation inter vivos shall not in any case divest the donor of all of his property, and that unless he reserves for himself enough for his subsistence the donation is entirely null.
 

 In support of the exception of no cause or right of action the defendant argues that the donation under attack, a copy of which is attached to and made part of the plaintiff’s petition, was not a donation at all, but was merely a renunciation or disclaimer on the part of the alleged donor of her title to the property and an acknowledgment on her part that the property equitably belonged to the alleged donee.
 

 According to the allegations of the plaintiff’s petition, together with the documents annexed thereto and made a part thereof, which allegations of course must be' accepted as true for .the purpose of deciding the exception of no cause or right of action, the property described in the.
 
 *919
 
 alleged donation made by Mrs. Louise Lanning Baker to her husband belonged to her separately. A part of the property was bought by her in her name alone. The principal part of the property described in the alleged donation however was acquired by the alleged donor as the universal legatee of her husband’s mother, Mrs. Eliza Baker, under her last will and testament dated March 3, 1909. Mrs. Eliza Baker died on the 21st of October, 1911. The will was duly probated and Mrs. Louise Lanning Baker, the universal legatee, was sent into possession of the estate as such, unconditionally, as owner, under an ex parte judgment of the district court dated April 8, 1912. Thereafter, on November 6, 1912, Mrs. Louise Lanning Baker signed a notarial act appointing her husband, John H. Baker, as her agent and attorney in fact to manage her property, “for my [her] sole use and benefit of my [her] separate estate”. The property referred to in the power of attorney consisted mainly of plantations and was the same property which Louise Lanning Baker donated to her husband on May 17, 1924. He signed the power of attorney, declaring that he accepted it, and actually continued to manage the property.
 

 Louise Lanning Baker was of sound mind when she made the alleged donation and remained so for about five years. She was interdicted in the latter part of 1946.
 

 We do not agree with the defendant’s argument that the transaction in contest was not in reality a donation but was merely a disclaimer or renunciation of title on the part of Mrs. Louise Lanning Baker and an acknowledgment by her that the property really belonged to her husband. It is true that in the act Mrs. Louise Lanning Baker declared that at the time when the property was bequeathed to her by her mother-in-law, Mrs. Eliza Baker, she, the universal legatee, was aware of the fact that it was not the intention of the testatrix, Mrs. Eliza Baker, in making her will and in naming Mrs. Louise Lanning Baker as her universal legatee, to deprive John H. Baker- of the property, but that, on the contrary, it was the intention of the testatrix, Mrs. Eliza Baker, “to preserve all of said property for the use and -benefit of the donee, the said John H. Baker”.
 

 But that paragraph in the act dated May 17, 1924, must not be read and considered as if it stood alone; it must be considered with reference to all of the other declarations made in the act; which declarations show that Mrs. Louise Lanning Baker intended that the transaction should be in fact a donation.
 

 There is nothing in the last will and testament of Mrs. Eliza Baker to indicate that she intended to impose upon the universal legatee the obligation of preserving the property for the use and benefit of John H. Baker, the son of the testatrix. In the transaction under attack, Mrs. Lou-ise Lanning Baker declared that she was the donor and that John H. Baker was the
 
 *921
 
 donee. She declared in the act that she was making a donation inter vivos. The declaration that the act was in truth a donation, and that she was the donor and that her husband was the donee, is made in 9 of the 10 paragraphs contained in the act, and is repeated in several of the paragraphs.
 

 Under all of the circumstances of this case, so far as they are disclosed by the allegations of the plaintiff’s petition and the documents annexed thereto, the parties to the so-called donation cannot exempt it from the applicability of articles 1497 and 1749 of the Civil Code by merely declaring that the transaction was not in reality a donation but was merely a disclaimer or renunciation of title on the part of the so-called donor, — if either of these articles is otherwise applicable to the transaction.
 

 We concur in the ruling of the district judge that the exception of no cause or right of action is well founded so far as the primary or principal demand of the plaintiff is concerned; that is, his demand to be allowed to revoke the donation on the ground merely that it was an inter-spousal donation. The right to revoke an interspousal donation on the ground solely that it is such a donation is personal to the donor and is dependent solely upon his or her will or whim. The donor need not have any other ground whatever for revoking an interspousal donation than the fact that it is or was an interspousal donation. The judgment appealed from, in that respect, is supported by the decision rendered by this court in Bernard v. Noel, 45 La.Ann. 1135, 13 So. 737. In that case the plaintiffs’ who were the collateral heirs of the deceased donor, sued to annul a donation which she had made to her husband. The plaintiffs asked, primarily, to have the donation revoked on the ground that it was an interspousal donation, and in the alternative to have it declared null on the ground that it was a donation omnium bonorum. The court held that the collateral heirs of the deceased donor had no right of action, either to have the donation revoked because of its being an interspousal donation, or to have it declared null on the ground that it was a donation omnium bonorum. It was held that both of these rights of action were personal to the donor and that neither of them was available to anyone else after the death of the donor. The decision is authority for the proposition that the plaintiff in the present case, as curator of the interdict, has no right of action to have the donation revoked because of its having been an interspousal donation. He cannot know what the wish of the interdict in that respect would be if she had remained of sound mind. But the decision cited is not authority for the proposition that the curator has no right of action to sue to have the donation declared null on the ground of its having been a donation omnium bonorum. The reason for that is that the prohibition against making a donation omnium bonorum, in article 1497, is
 
 *923
 
 a law of public policy, founded upon the idea that one who makes a donation omnium bonorum, that is to say, without reserving enough for his or her subsistence, is liable to become a charge on the public. There is no danger of such a happening of course after the donor has died, as in the case of Bernard v. Noel; but that reason for the law is not appropriate in a case where the donor has not died but has become insane.
 

 Our reason for maintaining that the plaintiff in this case has a cause or right of action to assert his alternative demand, to have the donation declared null on the ground of its having been a donation omnium bonorum, is that it is the duty of the curator of an interdict to protect the property rights and interests of his ward,' and to that end to bring any suit that may be necessary for that purpose.
 

 The judgment appealed from is affirmed insofar as it maintains the exception of no cause or right of action of the plaintiff, as curator, to have the donation revoked for having been an interspousal donation; and the judgment is annulled and reversed insofar as it maintains the exception of no cause or right of action on the part of the plaintiff as curator to have the donation declared null on the ground of its having been a donation omnium bonorum. The court costs heretofore incurred are to be borne by the defendant as executor of the estate of John H. Baker; the question of liability for all costs to be hereafter incurred shall abide the final disposition of the case. The case is ordered remanded to the district court for further proceedings.