McClendon, Judge.
Plaintiff appeals from a trial court judgment sustaining defendant’s exception of res judicata and no right of action.
By act of donation dated August 5, 1965, Lester Norflis conveyed some immovable property to his only child, Jacqueline Nor-flis. On March 31, 1977, this same Lester Norflis allegedly signed a written statement in which he purportedly sold this same land to plaintiff, his first cousin. Mr. Nor-flis died intestate three days later, on April 4, 1977.
Initially, plaintiff filed suit against Jacqueline Norflis seeking to set aside the donation on the grounds that the donee failed to meet certain alleged conditions imposed by the donor. The recited consideration in *1060 the act of donation, however, was the natural love and affection Lester Norflis had for his daughter. Summary judgment was rendered in favor of defendant.
Plaintiff then filed this suit in which he sought to set aside the donation based on the theory that the donation was null because the donor divested himself of all of his property in contravention of Louisiana Civil Code Article 1497.
The issue on appeal is whether the trial court erred in sustaining defendant’s exception of res judicata and no right of action. Because we believe the trial court was correct in sustaining the exception of no right of action, we find it unnecessary to reach the issue of res judicata.
Louisiana Civil Code Article 1497 provides:
The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.
Louisiana Civil Code Article 1504 provides:
On the death of the donor or testator, the reduction of the donation, whether inter vivos or mortis causa, can be sued for only by forced heirs, or by their heirs or assigns; neither the donees, legatees, nor creditors of the deceased can require that reduction nor avail themselves of it.
As pointed out above herein, plaintiff was a collateral relation (first cousin) of decedent and hence precluded by Civil Code Article 1504 from seeking to reduce a donation after the death of decedent.
The Louisiana Supreme Court applied this same prohibition to collateral relations attacking a donation omnium bonorum under Civil Code Article 1497 in Bernard v. Noel, 45 La.Ann. 1135, 13 So. 737 (1893) with the following explanation:
. The nullity declared by article 1497 of the Civil Code is absolute only relatively to the particular persons in whose special interest it was passed, and among them cannot be classed her collateral heirs invoking it when she had not done so herself. See Scott v. Briscoe, 37 La.Ann. 178. In the case at bar the right to invoke the nullity was a personal one, in the sense that when she died the right to revoke the act died also.
In that case the wife, made the donation complained of to her husband and, after her death, her collateral relations sought to set it aside.
The same result was reached in Succession of Moran et ux. v. Moran, 25 So.2d 302 (La.App. 1st Cir. 1946), where the administrator, representing collateral heirs, was not allowed to sue for the nullity of a donation omnium bonorum. The court stated that the right to sue for such nullity is restricted to the donor or his forced heirs.
See, also, Succession of Turgeau, 130 La. 65Ó, 58 So. 497 (1912), where the court said that the right to attack a donation omnium bonorum after the death of the donor can only be exercised by forced heirs.
In the case at bar plaintiff has not shown himself to be a forced heir nor has he introduced any will to show he has any interest at all in the succession of Leslie Norflis. Clearly, the exception of no right of action was properly sustained.
The judgment is therefore affirmed; costs to be paid by appellant.