OVERTON, J.
This suit was instituted to recover a tract of land, forming a part of defendant’s mill site, in the parish of Allen.
It appears that Thomas B. Welch, the husband of Mrs. Ludonia Welch, one of' the plaintiffs herein, and father and grandfather of the remaining plaintiffs, entered as a homestead 160 acres of land. The land in contest herein formed a part of that entry. All of the land included in the entry was patented to the New Orleans Pacific Railway Company on January 15, 1891. Welch contested the claim of that company, and on May 3, 1895, the contest was decided in his favor, and demand was made by the General Land Office at Washington on the company to reconvey the land. On November 5, 1896, over á year and a balf after the decision of that contest, the land office, at New Orleans, issued to Welch a final certificate, and on June 8, 1900, the New Orleans Pacific Railway Company reconveyed to the government that portion of the land in contest herein. In June, 1901, Welch and his wife conveyed the entire tract to two of their sons, Archie and Jason, the consideration being that Archie and Jason would support them during the remainder of their lives. This consideration is shown on the face of the deed. Weich died in 1901. In 1905 Archie and Jason sold the land, and it is through them, by a regular chain of conveyances, that the defendant claims title.
After the issuance of the final receipt, the matter seems to have remained in abeyance .until the latter part of 1914, when the plaintiffs wrote the General Land Office in reference to it. Plaintiffs were notified that the New Orleans Pacific Railway Company had reconveyed to the government only a part of the tract, and that, so long as there was an outstanding patent to the rest, no other patent would issue, as the local office had erroneously permitted the entry. They were also notified that, if they cared to so elect, they might relinquish their claim to that part *963 of the land that had not been reconveyed to the government, and, upon doing so, that a patent would issue to the part that had been reconveyed. They elected to make the relinquishment, and, accordingly, a patent was issued to them for the tract in contest herein, on July 20, 1915.
Plaintiffs attack, as being null and void, the transfer of the land to Archie and Jason, for the consideration mentioned, on the ground that, after the execution of the act, Welch and his wife did not possess sufficient property for their maintenance. Against this attack, defendant pleads the prescriptions of one and five years.
[1-3] The deed upon its face suggests its own nullity. Beyond this, the evidence shows that, immediately after the conveyance was made, there did not remain vested in Welch and his wife sufficient property for their subsistence. Therefore, under the Civil Code, and under our jurisprudence, the act was absolutely null. It has been repeatedly held, and it may now be considered the settled jurisprudence of the state, that, when a person makes a conveyance of this description, without retaining sufficient for his subsistence, for the consideration mentioned, the conveyance is null and void from its incipiency. C. C. 1497; Harris v. Wafer et al., 113 La. 822, 37 South. 768; Ackerman v. Larner et al., 116 La. 101, 40 South. 581; Beaulieu v. Monin et al., 50 La. Ann. 732, 23 South. 937; Rocques v. Freeman, Sheriff, et al., 125 La. 60, 51 South. 68; Kelly v. Kelly, 131 La. 1024, 60 South. 671. The purported conveyance is one in contravention of a prohibitory law, enacted in the interest of good morals and public order. The conveyance, therefore, is not one that is susceptible of ratification. Lagrange v. Barre, 11 Rob. 302; Ackerman v. Larner, cited supra. Such being the case, the prescription of five years, prescribed by article 3542 of the Civil Code, relative to suits for the rescission of contracts, is not applicable. Lar grange v. Barre, cited supra. See, also, Ackerman v. Larner, cited supra. The case of Jackson v. Currie, 144 La. 89, 80 South. 210, cited by defendant, in support of its position that this prescription is applicable here, is not pertinent. That case holds that, when a wife binds herself for the debt of her husband, though in contravention of a prohibitory law, and judgment is obtained on the obligation against her, under which her property is seized and sold, an attack by her on that obligation, in seeking to set aside the sale made under the judgment, based on that obligation, is prescribed in five years from the date of the death of the husband. The theory of that decision, and of those upon which it is based, is that such a contract upon the part of the wife is voidable only, since, when she regains all of her rights as a feme sole by the dissolution of the marriage, she may attack it or ratify it; and therefore, if she should fail to attack it within 5 years after the dissolution of the marriage, her action will be barred. The contract in the. case at bar, however, is not merely voidable, but is absolutely void, and not susceptible of ratification, and hence the case cited has no application. Nor is the prescription of one year, pleaded by defendant, applicable. This prescription, judging from the case of Moore v. Wartelle, 39 La. Ann. 1067, 3 South. 384, cited in support of it, is the prescription provided by article 1994 of the Civil Code, relative to the revocatory action. Assuming that forced heirs may be treated as creditors, still it is sufficient to say that this is not a revocatory action. The purpose of that action is to set aside contracts that have a real existence, but which are fraudulent and voidable, though not void, and which impede the creditor in collecting his debt, or prevent him from doing so. The contract in this case, at all times, was absolutely null.
[4] In our view, the prescription of 10 years, acquirendi causa, pleaded by defendant, and prescribed by articles 3474 *965 and 3478, et seq., of the Civil Code, is not applicable. The government had not so divested itself of title that prescription could run. It is true that the final certificate had issued to Welch before the adverse possession relied on by defendant to sustain the plea of prescription had commenced, but it is also true that the certificate in question had been prematurely and erroneously issued, and was based on an entry that had been permitted by the local office in error. This was so, because at the time of the entry and the issuance of the certificate, there was a patent outstanding to the land. So long as the patent was outstanding, the government could not properly issue a patent on the final certificate. There remained nothing to be done but to suspend its issuance until the matter was corrected. It could be corrected in only one of two ways, either by a suit by the government, to annul the patent, or by a reconveyance by the New Orleans Pacific Railway Company of the land. It is true that, nearly 4 years after the issuance of the final certificate, the New Orleans Pacific Railway Company surrendered to the government a part of the tract, the part in question, retaining the rest; still neither Welch nor his heirs were under obligations to relinquish their claim to the remainder in order to obtain a patent to the part surrendered. It was within their discretion to wait until the matter was settled, and a patent could issue to the whole; and we consider that it was within the power of the General Land Office to suspend the issuance of the patent until the difficulties were removed, or until Welch or his heirs relinquished their claim to the part not re-conveyed, thus making the entry accord with the patent to be issued, and thereby curing the defect in the former. Therefore, until the relinquishment was made and approved (and in this instance it was approved by the issuance of the patent),- the title still remained in the government. Therefore the statement in U. S. v. Detroit T. & L. Co., 200 U. S. 321, 26 Sup. Ct. 282, 50 L. Ed. 499, that a final receipt is an acknowledgment by the government that it holds, the legal title in trust for the entryman, and places the land subject to state laws “in respect to conveyances,, inheritances,” etc., hasi no application, since it is based upon the theory that the final receipt properly issued. For the same reason the case of Ours v. Gray, 112 La. 214, 36 South. 326, is not applicable; nor do we find applicáble the case of Jopling v. Chachere, 107 La. 522, 32 South. 243, and 192 U. S. 94, 24 Sup. Ct. 214, 48 L. Ed. 359, which involves a grant confirmed by Congress. To recognize that prescription runs in such an instance as the present would be to permit the state laws to interfere with the federal government in the sale and disposition of its lands.
We therefore conclude that, as 10 years did not elapse between the relinquishment and the issuance of the patent and the filing of suit, or the service of citation herein, the prescription of 10 years must be overruled.
Defendant also filed a reconventional demand for improvements, in the event of eviction, and also called in warranty its vendors. There seems to be no complaint as to the amount allowed for improvements by the lower court, nor as to its disposition of the calls in warranty. We, however, find no error in the judgment in those respects, and, in fact, none at all.
For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be affirmed; appellants to pay the costs.
Rehearing refused by Division B, composed of Justices O’NIELL, LAND, and BAKER.