ST. PAUL, J., absent on account of illness, takes no part.

147 So. 70

**KIRBY v. KIRBY et al.**

No. 31339.

Feb. 27, 1933.

Rehearing Denied March 27, 1933.

B. & M. Purser, of Amite, for appellant.

Ellis & Ellis, of Amite, and Rownd & Warner, of Hammond, for appellees.

ROGERS, Justice.

On December 17, 1921, by an act executed in the city of Hammond before a notary public of the parish of Tangipahoa, Dr. J. W. Kirby, the plaintiff, donated certain real and personal property to his minor daughter, Stella Willie Kirby. The real property and a portion of the personal property was situated in the parish of Livingston, and the act of donation was duly placed of record in that parish.

On March 29, 1930, Dr. Kirby brought this suit against his daughter for the revocation of the donation, alleging that it had divested him of all his property, except an insignificant portion thereof, and that the act of donation itself was defective for want of acceptance by or on behalf of the donee. In the alternative, plaintiff alleged the ingratitude of the donee and the public defamation of plaintiff by his daughter.

Plaintiff alleged the ineffectual attempt of his daughter to be emancipated and his insti-

tution of a suit to have the judgment of emancipation decreed null and void. (See 176 La. 770, 146 So. 743.)

Plaintiff prayed for the appointment of a tutor ad hoc for his daughter and for citation of the said appointee and of his daughter, who was then living in the city of Baton Rouge.

The defendants appeared through their counsel and filed an exception of no cause of action. The defendant Stella Willie Kirby, through her counsel, also filed an exception averring that she was legally emancipated and therefore was capable of managing her own affairs and acting for herself. She further declared that she accepted the donation made to her by her father on December 17, 1921; and she prayed that her acceptance of the donation be recognized by the court, and that plaintiff's suit be dismissed.

Stella Willie Kirby also excepted to the suit and asked for its dismissal on the ground that she was fully emancipated by a judgment of court and that the institution of the suit against a special tutor and a special undertutor as representatives of exceptor was null and without effect.

The tutor ad hoc and the undertutor ad hoc filed a petition asking for their dismissal from the proceeding on the ground that because of the emancipation of Stella Willie Kirby their respective appointments were ineffective.

Thereafter, Stella Willie Kirby filed an answer and a supplemental answer, in which, with reservations of her exceptions, she joined issue with plaintiff and reconvened asking for judgment against him for the sum of $2,400. Defendant's claim in reconvention was made up of $1,000, deposited in a bank of the city of Baton Rouge, given her in the act of donation, $900 on deposit in the Livingston Bank of the Town of Denham Springs, and $500 as the value of cattle belonging to her, which were sold by her father.

No formal action appears to have been taken by the district court on the exceptions of the defendants nor upon the petition for their dismissal from the proceeding filed by the tutor ad hoc and the undertutor ad hoc. The case came on for trial on its merits pursuant to its previous assignment and was tried, submitted, and taken under advisement, resulting in a judgment in favor of the defendants, rejecting plaintiff's demand at his cost. From this judgment plaintiff appealed.

On the trial of the case objections were made to the introduction of any testimony in support of the allegations of plaintiff's petition. The objections were sustained, except as to the allegation that the donation was null because plaintiff had thereby divested himself of all his property or so much thereof as did not leave him sufficient for his support. And it was on this issue alone that the case was tried and decided against the plaintiff.

We do not deem it necessary to pass on the rulings excluding certain testimony offered on behalf of the plaintiff, since we find that the case can be disposed of on the issue considered and decided by the court below.

The record discloses that the property which is the subject of the donation in dispute was acquired by Dr. Kirby by inheritance from his mother and as the result of a partition effected between him and his step-

father, George B. Fletcher. Contemporaneously with the execution of the act of partition, it was agreed between Dr. Kirby and Mr. Fletcher that Dr. Kirby would donate to his daughter the property received by him in the partition, subject to its use and occupation by Fletcher. The property donated embraced a tract of land in Livingston parish, ten lots of ground in the town of Denham Springs, one horse and fifty head of cattle, and the undivided one-half of about $2,000 on deposit in the Bank of Baton Rouge in the City of Baton Rouge. It was stipulated in the act by the donor that the donation was made subject to the right and privilege of George B. Fletcher "to use, occupy and possess the property herein described for the balance of his natural life."

Answering plaintiff's charge that the donation under review is null, because of the donor's having disposed of all his property without reserving sufficient thereof for his maintainance, the donee avers that plaintiff did not divest himself of all his property, and that plaintiff is now and was at the time of the donation the owner of a considerable amount of property, and, besides, that he was capable as a duly licensed and practicing physician of earning an income sufficient for his support.

The record shows that at the time the donation was executed the only property owned by plaintiff was an unproductive acre of ground in the village of Walker. He had no cash and owned no stocks or bonds. On the day plaintiff gave his testimony in this case in February, 1931, the property in Walker was rented for $7 a month, which rent, however, plaintiff was unable to collect.

We gather from the record that the plaintiff became ill while in the service of the federal government. When the donation was executed, plaintiff was not engaged in any remunerative occupation. He was specializing, at the government's expense, in the Eye, Ear, Nose and Throat Hospital in the City of New Orleans. Plaintiff did not begin to earn any money at all until about 1924 or 1925, when he began to practice his profession. Because of the condition of his health, on the advice of his physicians, plaintiff ceased practice some time before he testified in the case, which, as stated, was in February, 1931.

Plaintiff married his second wife in the year 1921. She was earning her living at the time as a stenographer. With the possible exception of one year, the second Mrs. Kirby has been working continuously, keeping boarders, from the date of her marriage.

On the day plaintiff gave his testimony he was the owner of real estate in the city of New Orleans and in the parishes of Livingston and East Baton Rouge. All this property, however, was heavily incumbered, and was worth nowhere near the mortgage indebtedness resting thereon.

Plaintiff, in purchasing these properties, seems to have borrowed all or nearly all the money for the initial payments thereon from his wife. Some time after the donation was executed, plaintiff and his stepfather, George W. Fletcher, withdrew the deposit in the Bank of Baton Rouge, amounting, with interest, to about $2,300, and divided it equally between themselves.

There is testimony in the record concerning some cattle belonging to his daughter which

plaintiff sold, but which he seems to have replaced with other cattle. There is also some testimony relative to a deposit in the name of plaintiff's mother in the bank at Denham Springs. Knowledge of this deposit seems to have come to plaintiff and his stepfather some time after the act of donation was executed. They apparently obtained possession of the money represented by the deposit, but the amount of the deposit and the disposition made thereof by plaintiff and his stepfather is not definitely shown by the record.

At the time plaintiff testified in this case he was not possessed of any money, stocks, bonds, or other personal property, and the only real estate he owned was so heavily mortgaged as to exhaust his equity therein.

█ Our conclusion is that under the evidence adduced on the trial of the case, immediately after the donation was made, there did not remain vested in plaintiff sufficient property for his subsistence. This fact under the terms of the Civil Code and under our jurisprudence strikes the act of donation under review herein with nullity.

█ It is the settled jurisprudence of the state that a contract whereby a person gives away his property without reserving sufficient property for his subsistence is null from its incipiency. Civ. Code, art. 1497; Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400, and authorities therein cited.

Appellees refer to the case of Snowden v. Cruse, 152 La. 144, 92 So. 764, as supporting their contention. There this court refused to set aside a donation as one omnium

bonorum, where the donor possessed $2,000 in cash, or its equivalent, mules, horses, cattle, hogs, and a half interest in certain sawmill machinery, and lived thereafter for some years without calling upon any one for charity.

We have examined the original record in the cited case, and find that the property therein donated consisted of a tract of land situated in the parish of Rapides. Charles Snowden, the donor, purchased a tract of land on July 30, 1882, from Frank L. Case for $2,000. Snowden, on March 26, 1884, donated the property thus acquired, less a tract of 100 acres sold to Bernard Mayer, to his wife, Mrs. Laulette Wells Snowden. Charles Snowden died in 1888. He received $2,000 for the tract of 100 acres sold to Mayer. There was no testimony in the record showing the value of the tract of land at the time of the donation in 1884 nor its value at the time of Snowden's death. But the entire tract of land was purchased in 1882 for $2,000, and as 100 acres carved out of the tract was sold in 1884 for $2,000, it would appear that the value of the land donated was considerably less than $2,000.

We do not think the cited case is applicable to the facts disclosed by the record in this case.

█ Stella Willie Kirby has filed in this court a plea of prescription of five years against plaintiff's demand. However, she has not submitted any argument in support of the plea. For our own part, we do not find any merit in it. The settled jurisprudence of the state is that the prescription of five years is not applicable to a case of this

kind. See Welch v. Forest Lumber Co., supra, and the authorities referred to therein.

Stella Willie Kirby has also filed in this court an answer to the appeal, in which she prays that the judgment be amended by allowing her the amount claimed in her reconventional demand. The conclusion we have reached in the case renders it unnecessary to consider the answer to the appeal.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that there be judgment in favor of plaintiff, Dr. J. W. Kirby, and against the defendant Stella Willie Kirby, annulling the donation made by plaintiff to defendant under date of December 17, 1921, ordering the erasure of the inscription thereof from the conveyance records of the parish of Livingston, and decreeing the ownership and possession of the donated property, movable and immovable, restored to plaintiff; Book 31, p. 46, and Book 56, p. 180, showing full description.

ST. PAUL, J., absent on account of illness, takes no part.