LAND, Justice.
 

 The property involved in this litigation consists of a tract of 80 acres of land in the Rodessa Oil Field of Caddo parish, and is described as N. 1/2 of S.W. 1/4 of Sec. 15, Tp. 23 N., R. 15 W., Caddo parish, La.
 

 W. M. Hortman married Sarah Louisa Jane Grider October 22, 1874. She died in Caddo parish, January 19, 1898.
 

 At the death of his- wife,- there were left surviving two children, Charles Edward Hortman and Ada Hortman, who-married W. H. Stephens.
 

 Charles Edwa.rd Hortman married Lula Belle Owens March 30, 1898, and died March 12, 1920, leaving three children, Lula Belle Hortman, minor, Mrs. Dell Hortman Litton, and Mrs. Gladys Hortman Litton.
 

 ■On May 1, 1929, W. M. Hortman donated the 80-acre tract to his daughter, Mrs. Ada Hortman Stephens, with the onerous condition that the donee should care for the donor during the rest of his. natural life.
 

 On November 13, 1930, Mrs. Ada Hortman Stephens sold the 80-acre tract to Mrs. Mamie Wynn Nichols, widow of L. E. Nichols.
 

 W. M. Hortman, the donor, died May-27, 1930. Mrs. Dell Hortman Litton, Mrs. Gladys Hortman Litton, and Lula Belle Hortman, who had been emancipated for the purpose, brought the present suit September 27, 1935, to annul the donation made by W. M. Hortman, deceased, to-Mrs. Ada Hortman Stephens, and the sale made by her to Mrs. Mamie Wynn Nichols, widow of L. E. Nichols, who had remarried J. Preston Farmer at the date of the-filing of the suit.
 

 Petitioners allege that the donee failed' to fulfill the onerous condition imposed upon her to take care of the donor during his natural life; and,. in the alternative, that the donation was- not accepted in precise .terms, by the donee’s signing of the act in the presence of a notary and
 
 *921
 
 two witnesses, nor impliedly or tacitly, by the donee’s taking possession of the property during the life of the donor.
 

 Petitioners pray that the donation be .•annulled and the sale be rescinded, and that petitioners be recognized as the owners of an undivided one-half interest in the •80-acre tract in question.
 

 Defendants, on the contrary, assert the •validity of the donation and of the sale, and plead the prescription of'thirty years under articles 1030 and 3548 of the Revised Civil Code, the prescription of five years under article 3542 of the Revised Civil Code, and also have filed pleas of estoppel.
 

 Judgment was rendered in the court below in favor of plaintiffs and against the ■defendants Mrs. Ada Hortman Stephens, •donee, and against Mrs. Mamie Wynn Nichols, the vendee of the donee, decreeing •petitioners to be the owners in indivisión •of an undivided one-half interest in the •80-acre tract in dispute.
 

 From this judgment, both defendants have appealed.
 

 (1) Although this judgment does not expressly so declare, yet it is self-evident that such judgment could not have been rendered without decreeing invalid the' donation of the 80 acres by W. M. Hortman to his daughter, Mrs. Ada Hortman Stephens, and the sale by her to her •cpdefendant, Mrs. Mamie Wynn Nichols.
 

 As a matter of fact, it is stated in the brief of counsel for defendants that the trial judge; in an oral opinion, based his judgment upon the ground that the donor had not reserved for himself enough property for his subsistence, under article 1497 of the Revised Civil Code, and, therefore, that the donation was null and void ab initio.
 

 It is admitted that W. M. Hortman, donor, at the date of his death had standing in his name title to a 57%-acre tract, adjoining on the south the 80-acre tract in dispute.
 

 The record fails to show that the donor derived any revenue from this 57%-acre tract at all, during the existence of the donation of the 80-acre tract.
 

 Mrs. Stephens,, the donee, testified that she told her father, the donor, that he could have the use of the land, the 80-acre tract, for his support “and what it
 
 lacked
 
 of making the support, I would
 
 make it up,”
 
 a statement which, in itself, tends to show that the 57%-acre tract, reserved by the donor, was not sufficient for his support. Tr. pp.-138, 139. (Italics ours.)
 

 But we are not left to mere conjecture • in this matter, as is clearly shown by the following testimony given by the donee:
 

 “By The Court: What was the difference in the character of control your father exercised over it (the 80 acre tract) after the donation to you from what it was before?
 

 “A. Well I told you I really — he just — I told him for him to go on and work the place, don’t you see, or have it worked, if he could rent it, and if he could have it rented that would help me in supporting him.
 

 “By The Court: Well, he had done that before?
 

 
 *923
 
 “By the Witness: Yes.
 

 “Mr. Hendrick: That is what I am driving at.
 

 “Q. In other words, you just told him to run the place as he had done in the past? A. In some words I did and in some I didn’t.
 

 “By The Court: Mrs. Stephens, I gather from you you have said that it was understood between you and your father, or assumed, at least,
 
 that the rent from the place and income from it would not have been sufficient
 
 to keep him up ?
 

 “By the Witness:
 
 No, it would not be sufficient
 
 to keep him up.
 
 I knew that.
 

 “By The Court:
 
 You
 
 knew that and
 
 he
 
 knew that?
 

 “By the Witness:
 
 He
 
 knew it.” Tr. pp. 140, 141. (Italics ours.)
 

 Then it is certain that, if the rent from the place (80-acre tract) and income from it would not be sufficient
 
 to keep the donor .up,
 
 then the rent and income from the 57%-acre tract, reserved by the donor, would not have been sufficient
 
 to keep him up,
 
 and the donor did not reserve sufficient property for his support.
 

 A contract whereby one gives away his property, without reserving enough for his own subsistence, subject to -the condition or charge that the donee shall thereafter maintain him, is void ab initio, as contravening a prohibitory law, enacted in the interest of public order and good morals; nor does the prescription of five years apply in such a case. Ackerman v. Larner, 116 La. 101, 40 So. 581; Kirby v. Kirby, 176 La. 1037, 147 So. 70; Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400.
 

 (2) The donation in this case being void ab initio, the donee acquired no title, and the sale by the donee to her codefendant, Mrs. Mamie Wynn Nichols, conveyed no title.
 

 Neither of the defendants has title to the - land in dispute, since the donation is null ab initio, and is not an act translative of property.
 

 The prescription of five years, pleaded by defendants under article 3542 of the Revised Civil Code, is therefore overruled under the authorities above cited.
 

 The prescription of thirty years, pleaded under articles 1030 and 3548 of the Revised Civil Code by defendants, and the pleas of estoppel herein tendered by them, are also without merit and are overruled, as defendants are without title and, therefore, without actual interest to pursue in the matter. Besides, neither of the defendants pretends to have had actual corporeal possession of the land in dispute during thirty years.
 

 (3) A question has been raised in' this case as to whether the 80-acre tract in dispute belongs to the community existing between W. M. Hortman and his wife, or whether it is the separate property of W. M. Hortman.
 

 In article 4 of the original petition it is alleged that the 80 acres in question had been acquired during the marriage of W. M. Hortman and his wife, Sarah Louisa Jane Grider Hortman, who was married to
 
 *925
 
 W. M. Hortman in the parish of Caddo October 22, 1874.
 

 In answer to an “exception of vagueness,” petitioners, in article 3 of the supplemental and amended petition, allege: That, during their marriage and during the existence of the community of acquets and gains, they acquired the ownership of the property in dispute “by homestead and patent from the United States • Government
 
 on the 27th day of February, 1901,”
 
 which was more than three years after the dissolution of the community by the. death of the wife, January 19, 1898.
 

 Such averment, without doubt, raised the issue as to whether the final proof was made, and the final certificate was issued to W. M. Hortman, the husband and entry-man, before or after the death of his wife, and necessarily involved the question of ownership by the community, or by the husband as his separate property, of the land in controversy. Doucet v. Fontenot, 165 La. 458, 463, 115 So. 655.
 

 Yet, in the face of this averment, on the day of the trial and before the examination of witnesses began, we find the following admission of counsel for both sides entered into the record: “It is admitted between counsel for all parties
 
 that the property in question was acquired during the existence of the marriage between Mr. and Mrs. W.' M. Hortman. ■
 
 That
 
 the date of the death of Mrs. W. M. Hortman toas the 19th day of January, 1898.
 
 That Mr. W. Mi Hortman died the 27th day of May, 1930.” Tr. p. 68. (Italics ours.)
 

 It is true that counsel for defendants, in a motion to reopen the case, averred that they were in error in admitting that the property was community, and had not consulted defendants as to that matter. But the trial judge refused to reopen the case, and wé do not find that he abused his discretion.
 

 Judgment affirmed.