On September 4, 1941, Ambrose Lemoine executed an instrument of writing purporting to donate to his nephew, Joe Lemoine, twenty-four acres of land described in the petition and in the act of donation, together with four mules and one mare. As consideration for the donation the donee agreed to provide a home for the donor and provide him with the necessities of life during the period of his natural life.
At the time the act was executed the donor was about 67 years old. He had never been married but had lived on the 24 acres of land with his mother, who died a short time before the donation was executed. Donor is uneducated and unable to read and write.
This suit was filed May 22, 1945, to set aside the donation on the ground that the donor had no other property from which to support himself and for the further reason that the donee had not complied with the conditions set forth in the instrument.
The donee answered denying generally the allegations of the petition and alleging affirmatively that his uncle is an old man and was for a number of years a sick man, and that he has assisted his uncle for many years and since the donation to him has complied with every request and need of the donor to the best of his ability; that since the donation was made, plaintiff has married and on information and belief, defendant alleges that the wife was dissatisfied with the donation and left plaintiff with the statement that she would not return until he revoked the donation, and that this is the reason the suit was filed. He further alleges that the donor was the owner of mules, plow tools and implements, and some cash, and was not divested of all of his property.
On the trial of the case, defendant sought to show that he had given plaintiff $281 in 1942, $649.26 in 1943, and $654.70 in 1944, in compliance with his obligation to take care of him. Plaintiff testified that this money was one-fourth of the crops raised each of these years on a farm rented from one Trichel, which a negro named Turner farmed on halves. We believe plaintiff's testimony is true. Defendant was an unsatisfactory witness on these items. It is not disputed that plaintiff and defendant rented the Harrison place from 1935 to 1941 under the same sort of arrangement; that is, plaintiff received one-fourth of the value of the crops, and we believe the arrangement was continued on the Trichel place. It is not disputed that plaintiff continued to live on the 24 acres and rented it and collected and kept the rent.
The questions presented are whether or not the donation should be set aside for the reason assigned by the Judge of the lower court; that is, that the donee had failed to comply with the conditions thereof by taking care of the donor as he was obligated to do, and if not, whether the donation was void ab initio for the reason that plaintiff divested himself of this property without retaining sufficient property to support himself.
The District Judge found that the charges imposed on the donee have not been carried out because the donor did not call on him to perform them, and he concludes that as the charges imposed have not been carried out that the donation must be set aside for that reason.
On the question of whether or not the donor divested himself of all of his property, the defendant himself, when called for cross-examination, testified that the donor had no other property and the record as a whole is conclusive that he had not sufficient property to support himself after making this donation.
In brief in this court, defendant has cited only one case, that of Lafield v. Balzrette, La. App., 21 So.2d 156, in which the reasons for judgment of the District Court were adopted by the Court of Appeal. This *Page 652 
suit was commenced by the plaintiff against his son-in-law to set aside a deed conveying property for a recited cash consideration of $675, which he alleges was never paid. He alleged that the property was deeded to the defendant on his promise to care for and support him during the remainder of his life. He also alleged that he owned no other property and that by this conveyance, he divested himself of all the property he had. The District Judge found that the cash consideration recited had not been paid and that the real and only consideration was the agreement of defendant to take care of plaintiff as long as he lived. He decided also that the plaintiff divested himself of all of his property, but that the act of conveyance was in reality an onerous donation subject to the provisions of Article 1526, R.C.C., which reads as follows:
"In consequence, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges or of the services."
The opinion in that case cites Landry v. Landry, 40 La. Ann. 229, 3 So. 728, where a similar case was under discussion and it was shown that the value of the services rendered exceeded one-half of the value of the property given and were ample to make the transfer valid, and that the prohibition of Article 1497, R.C.C., did not apply. In the Lafield case, supra [La. App. 21 So.2d 157], the District Judge found that the defendants had so far "carried out * * * their part of the agreement" and rejected plaintiff's demands. A motion was made to re-open the case for the reason that after judgment was rendered, but before it was signed, defendant abandoned plaintiff and refused him further support. The lower court overruled the motion but on appeal the judgment was set aside and the case remanded for the taking of evidence on the allegations of the motion to re-open. The case has not reached the Appellate Court again.
[1] As early as 1845, in the case of Lagrange v. Barre, 11 Rob. 302, the Supreme Court held that a condition inserted in an act of donation inter vivos of all the donor's property, that the donee shall, without charge, supply the donor during his life with all the necessities of life, cannot be considered as a reservation of enough of the donor's property for his subsistence, within the meaning of Article 1484, R.C.C. now Article 1497. To the same effect are Harris v. Wafer et al.,113 La. 822, 37 So. 768; Jaco et al. v. Jaco 129 La. 621, 56 So. 615; Kirby v. Kirby et al., 176 La. 1037, 147 So. 70; Litton et al. v. Stephens et al., 187 La. 918, 175 So. 619; Hearon et al. v. Davis et al., La. App., 8 So.2d 787.
In the case of Hearsey et al., v. Craig, 126 La. 824, at page 838, 53 So. 17, 22, is the following quotation from Lagrange v. Barre, supra:
" 'The terms of the law appear to throw a certain incapacity upon every citizen to dispose and divest himself, of all his property, by donation inter vivos, and declares that such donation shall be null (not reducible) if he has not reserved to himself enough of his property for subsistence. The expression "reserve to himself" cannot be understood to mean that he should rely upon others for his subsistence, but that he should himself keep in his possession and ownership a sufficient portion of his property to provide for his subsistence. This seems to be the spirit of this law, as it would be vain to say that the mere promise of the donee to support the donor is a sufficient reserve, in the sense of article 1484 (now 1497), since the same obligation, without any contract on his part, is imposed on him by article 1547 (now 1560), which gives to the donor the right of revoking the donation, if the donee refuses him food, when in distress-lui refuse des alimens, Iorsquil est dans le besoin.' "
In the Hearsey case, judgment for plaintiffs in the District Court was reversed and judgment rendered in favor of defendant because the court found that the plaintiffs failed to prove that Mrs. Gamper divested herself of so much of her property that she had not enough for her subsistence, or that the value of the property conveyed to defendant exceeded by one-half *Page 653 
the value of the services rendered and of the charges unposed.
[2] From our examination of all the authorities cited in the briefs in this case and others that we have found, we are of the opinion that Articles 1514 and 1526, R.C.C., have no reference to Article 1497, R.C.C., but on the contrary refer to excessive donations not reprobated by the provisions of Article 1497. We have already referred to the finding of the District Judge that the donee had not carried out his agreement to take care of the donor which appears to be true, but we are of the opinion that the act of donation under consideration was also null and void ab initio for the reason that the donor did not retain in his hands enough property for his support, and that the act of donation should be set aside also for that reason.
The judgment appealed from is therefore affirmed at the cost of appellant in both courts.