MILLER, Judge.
Dea Hebert Manuel, Ogea Hebert and Rhea Hebert Hardy appeal the trial court’s decision refusing to set aside an onerous donation made to defendant-appellee Alton Hebert (their brother) by their 88 year old father, Lucas Hebert. The donation was made approximately l5i/£ months before their father died.
On February 16, 1965, Lucas Hebert, by authentic act duly executed and recorded, donated to his son Alton Hebert a 10 ar-pent tract of land and improvements with an estimated value agreed upon by the parties of $1,000. The act of donation provided :
“And said Lucas Hebert did further declare it to be his purpose, desire, and direction, to which the said Alton Hebert agrees, that he, said Alton Hebert, shall care for the said Lucas Hebert, who, because of his age, is unable to properly do so himself, for the rest of said Lucas Hebert’s natural life.
The parties agree that in the event that the said Alton Hebert does not care for. the said Lucas Hebert as herein-above agreed this donation inter vivos shall become null and void and the said Alton Hebert shall convey title back to the said Lucas Hebert.”
Lucas Hebert made no attempt to revoke the donation during his lifetime.
All the real property owned by Lucas Hebert at the time of the donation was transferred in that donation. Tr. 21. He had approximately $750 cash, but all of this was spent by Alton Hebert a month or two later to build a small house for Mr. Lucas Hebert on Alton Hebert’s property. It is accepted as a fact that this house became the property of Alton Hebert. Mr. Lucas Hebert received something over $100 per month from Old Age and Social Security benefits, and these funds were spent in caring for Mr. Lucas Hebert.
The relevant Civil Code articles are:
“ARTICLE 1497. The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole.”
“ARTICLE 1525. The remunerative donation is not a real donation, if the value of the services to be recompensed thereby being appreciated in money, should be little inferior to that of the gift.”
“ARTICLE 1526. In consequence, the rules peculiar to donations inter vivos do not apply to onerous and remunerative donations, except when the value of the object given exceeds by one-half that of the charges of the services.”
LSA-C.C. articles 1513 and 1514 provide that remunerative or onerous donations can never be reduced below the estimated value of the services rendered or expenses incurred.
Under Article 1497 the right to revoke an inter vivos donation is personal to the donor so long as he lives, and cannot be exercised by forced heirs during the donor’s lifetime. Maxwell v. Maxwell, 180 La. 35, 156 So. 166 (1934). After the death of the donor, the forced heirs have been permitted to annul the donation. Litton v. Stephens, 187 La. 918, 175 So. 619 (1934).
The issues are: Did plaintiffs prove the non-performance of the conditions imposed on the donee? Did plaintiffs show that the value of the property conveyed exceeded by one-half the value of the services rendered? [1]
*882 Of the I5y2 months that Lucas Hebert lived after making the donation, 1(4 months were spent with another son, Alex Hebert (not a party to this suit), 4 months were spent with defendant-appellee Alton Hebert, and 10 months were spent in a Nursing Home in Alexandria, Louisiana. All expenses at the Nursing Home were covered by Mr. Lucas Hebert’s Old Age and Social Security benefits, and were not a burden on Alton Hebert.
During the four months that defendant and his wife cared for decedent in their home, they did everything that a relative, nurse, servant, and cook combined could do for an almost helpless 88 year old parent. While decedent was in the home of Alex Hebert, the Alton Heberts brought him to their home each week end. There was no appraisal by anyone as to the value of the Alton Hebert’s services.
It is, in effect, admitted that at the time Lucas Hebert was transferred to the Nursing Home, he could not be cared for in a private home. One plaintiff had cared for her father for more than three years before he moved to Alton Hebert’s home. She found that she was unable to continue caring for him at the time he went to the home of Alton Hebert.
It was established that Mrs. Alton Hebert gave up a $200 a month job to spend full time looking after her father-in-law; that she did not return to this job until Lucas Hebert died. According to her uncon-tradicted testimony, she traveled to the Nursing Home about three times each week to visit her father-in-law. On many week ends, Alton Hebert brought his father to his home. On many other occasions, the Alton Heberts brought special foods and clothing. The evidence is convincing that defendant did all that anyone could do to live up to the terms of the February 16, 1965 donation.
We find the issue to be a close one, and therefore do not find manifest error in the trial court’s determination that the value of the property given did not exceed by one-half the value of the services rendered by the Alton Heberts.
The judgment of the trial court is affirmed. All costs are charged to plaintiffs-appellants.
Affirmed.

. Appellants assigned as two additional errors: a) the donation was null because donor divested himself of all his property and failed to reserve enough for his subsistence; and b) the donation impinged upon the legitime of the forced heirs. We find no merit to these contentions. LSA-C.C. 1526.