BLANCHE, Judge.
Plaintiff, Wilson Williams, by act of cash sale before W. Frank Gladney, Notary Pub- *299 lie, dated July IS, 1960, transferred to one Oliver Washington for the sum and price of $1,500 the naked ownership of two certain lots of ground together with the improvements thereon in that certain subdivision of the Parish of East Baton Rouge known as the Addition to Suburb Prosperity. The sale was made subject to the reservation by the vendor of the usufruct of the property unto himself and jointly with one Ophelia Walters Jackson.
On March 11, 1969, Oliver Washington died while domiciled in the City of New Orleans, and his succession was opened in the Parish of Orleans, Sidney Collier being named as testamentary executor of the succession. Pending the appeal, Wilson Williams also died and his heirs have been substituted as party appellants.
On March 26, 1970, almost ten years after the sale of the property and over one year after the death of Oliver Washington, Wilson Williams filed suit to rescind the sale on various grounds, the one determinative of the issue presented by this appeal being that the sale was, in fact, a simulation and was, in reality, a donation prohibited by law.
To the petition defendant filed declinatory exceptions which were overruled and peremptory exceptions of no cause and no right of action and of prescription which were sustained. The formal judgment signed by the court on June 23, 1970, makes no mention of the court’s sustaining the peremptory exception of prescription. However, the minute entry of the court clearly shows that the exception was sustained, and inasmuch as an appealable judgment is before this Court, the correctness vel non of this ruling will also be considered, notwithstanding the failure of the formal judgment to make disposition thereof.
For the purpose of considering whether plaintiff has stated a cause of action, an examination must be made into the allegations of plaintiff’s petition. Plaintiff makes allegations that there was a verbal agreement between the parties that no cash consideration would change hands when the cash sale was executed. He also alleges that no money was ever paid to petitioner and that he never surrendered possession of the property. He further alleges that the sale was a simulation and in truth and fact was a donation prohibited by Louisiana law. In the alternative, he prays that in the event the court found that the act was a donation, then it was a donation of all the donor’s property or a donation omnium bonorum.
Taking plaintiff’s petition as a whole, it is obvious that the purpose of plaintiff’s allegations is to show that no cash consideration was paid for the property and that it was, in fact, a donation rather than a sale which petitioner, alleges was prohibited by law.
Appellee contends that plaintiff by his allegations attempts to vary the terms of an authentic act by parol evidence in violation of Articles 2236, 2275 and 2276 of the Civil Code and innumerable opinions interpreting the same.
There is no merit to the argument that plaintiff’s allegations do not admit of proof and that he has not stated a cause of action. In Cahow v. Hughes, 173 So. 471 (La.App. 1st Cir. 1937), this Court in its original opinion held that the plaintiff could not show by parol evidence that the deed in question was, in fact, a donation. In reviewing the question as to the introduction of parol evidence in such cases, this Court reversed its original position and held the parol proof to be admissible, relying on a decision of the Second Circuit Court of Appeal in Armand v. Armand, 8 La.App. 810, which held that parol proof is admissible wherever the contract sought to be set aside is one in fraudem legis.
In Ducote v. Stark, 87 So.2d 770 (La.App. 2nd Cir. 1956), a mother-in-law brought an action against her son-in-law to annul a conveyance of realty on the ground that it was a donation omnium bonorum. The defendant urged that the contract of sale be *300 ing valid on its face and containing an acknowledgment of the receipt of a substantial consideration was not subject to attack by parol evidence. In admitting parol to show the true nature of the agreement, the Court stated:
“ * * * Unquestionably, this would be a correct assumption were it not for the fact that the determination of the true nature of the instrument is an essential element in the application, vel non, of the prohibition of law contained in the above quoted codal article. As pointed out by our distinguished brother of the district court, it would be impossible to establish the actual nature of a conveyance as being a reprobated and prohibited donation omnium bonorum unless evidence extraneous to the recitals of the formal act should be admissible. The district judge relied upon the holdings in Cahow v. Hughes, La.App., 169 So. 801 and La.App., 173 So. 471, 473; Jeansonne v. Jeansonne, 187 La. 939, 175 So. 626; and Kelly v. Kelly, 131 La. 1024, 60 So. 671, 672. * * * ” (Ducote v. Stark, 87 So.2d 770, 773)
Again, in Smith v. Smith, 239 La. 688, 119 So.2d 827 (1960), Chief Justice Mc-Caleb, in commenting on the admissibility of parol with regard to contracts in fraudem legis, stated:
“ * * * If parol evidence is admissible to show fraud practiced on one of the contracting parties, it would, a. fortiori, appear that it should be received when the . fraud has been perpetrated on the law itself. And so this Court has held that parol evidence may be introduced to show that any obligation has been contracted in fraudem legis regardless of what form may have been given to the reprobated contract. Lazare v. Jacques, 15 La.Ann. 599; Kelly v. Kelly, supra; Ducote v. Stark, La.App., 87 So.2d 770.” (Smith v. Smith, 119 So.2d 827, 830)
Therefore, the District Judge was in error in sustaining the exceptions of no cause and no right of action, as the allegations of plaintiff’s petition allege an agreement contracted in fraudem legis and under the authority of the cited decisions parol evidence is admissible.
Appellee next contends that the exceptions of no cause and no right of action should be sustained as the provisions of R.S. 13:3721 commonly referred to as the “Deadman’s Statute” prohibit the use of parol to prove any debt or liability on the part of a deceased if no suit to enforce it was brought against the deceased or within one year after his death. The pertinent provision referred to in the statute is as follows:
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
“(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased. * * * ” (LSA-R.S. 13:3721)
In Collier v. Administrator, Succession of Blevins, 136 So.2d 774 (La.App. 4th Cir. 1962), an action was brought against the decedent’s executrix and others on a petition alleging a claim against decedent. The executrix sought to have the suit dismissed on an exception which put at issue the unenforceability of plaintiff’s right because of the inadmissibility of parol evidence to prove any debt or liability on the part of the deceased when the suit was filed more than a year after the death of the deceased. The Court, in commenting thereon, stated:
“ * * * The lower court overruled such exception holding that LSA-R.S. 13:3721 provided no prescription and was but a restrictive statute limiting the type of evidence admissible to prove a debt or claim against a party deceased when suit thereon is brought more than one year *301 after death. This ruling was correct.” (Collier v. Administrator, Succession of Blevins, 136 So.2d 774, 777 — Emphasis supplied)
In the Succession of De' Loach, 204 La. 805, 16 So.2d 361 (1943), cited by appellee the same exception based on the foregoing statutory provision was filed by the defendant and overruled by the trial court. In that case plaintiffs sought to recover property from the succession based on a verbal contract with decedent. On appeal the Court held that the proffered parol testimony was inadmissible, but it is to be noted that the objection was raised on the merits of the case as a matter of evidence which was properly excluded rather than on the exception.
The purpose of the statute is to restrict proof in such cases rather than to dismiss or defeat the action by way of exceptions of no cause or right of action or one of prescription.
Appellee also filed an exception of prescription based on the provisions of Articles 1876, 2595 and 3542 of the Revised Civil Code.
Articles 1876 and 2595 deal with the recision of sales on account of lesion. Plaintiff does not complain that the sale in question was lesionary but depends on showing that it was a donation in disguise which divested the donor of all of his property. The foregoing articles apply to the case where one does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury is founded on its being the effect of implied error or imposition, as in every commutative contract equivalents are supposed to be given and received. LSA-C.C. Article 1860. Thus, the prescriptive period provided for in the foregoing articles is inapplicable.
Article 3542 provides that actions for the nullity or recision of contracts, testaments or other acts are prescribed by five years.
“In Lagrange v. Barre et al., supra [11 Rob. 302], the plaintiff had, by authentic act, donated his land and slaves to the husband and father of the defendants, without, as he alleged, reserving anything for his subsistence, on the condition, among others, that the donee should furnish him with food, bedding, clothes, fire, lights, and medicine, free of any charge, during his life, and, more than five years afterwards, he brought suit against the widow and heirs of the donee to annul the contract, on the ground that he had thereby devested himself of all his property, to which action the defendants pleaded the prescription of five years established by Civ.Code, art. 3507, now Rev.Civ.Code, art. 3542, against actions for the nullity of contracts, testaments, or other acts. In dealing with the question thus presented, this court, inter alia, held that, the contract having been entered into in violation of a prohibitory law, enacted in the interest of public order, was absolutely void, and that the nullity could not be cured by the prescription pleaded. See, also, Harris v. Wafer, 113 La. 822, 37 South. 768.” (Ackerman v. Larner, 116 La. 101, 40 So. 581, 587 [1906])
In Litton v. Stephens, 187 La. 918, 175 So. 619 (1937), the defendant pled prescription of five years under Article 3542 in an action to set aside an act of sale and a donation as being a donation omnium bonorum. The Court found that the donor did not receive sufficient property for his support and stated:
“A contract whereby one gives away his property, without reserving enough for his own subsistence, subject to the condition or charge that the donee shall thereafter maintain him, is void ab initio, as contravening a prohibitory law, enacted in the interest of public order and good morals; nor does the prescription of five years apply in such a case. Ackerman v. Larner, 116 La. 101, 40 So. 581; Kirby v. Kirby, 176 La. 1037, 147 So. 70; Welch v. Forest Lumber Co., *302 151 La. 960, 92 So. 400.” (Litton v. Stephens, 175 So. 619, 621)
For the above and foregoing reasons, the judgment of the trial court sustaining the exceptions of no cause and no right of action and the exception of prescription resulting in a dismissal of plaintiff’s suit is reversed and set aside, and judgment is rendered herein in favor of plaintiff overruling said exceptions. It is further ordered that this matter be remanded to the trial court for further proceedings. The cost of this appeal is to be paid by appellees.
Reversed and remanded.