325 So.2d 283 (1975)
J. B. OWEN et al.
v.
W. H. OWEN et al.
No. 12775.
Court of Appeal of Louisiana, Second Circuit.
December 10, 1975.
Rehearing Denied January 6, 1976.
Writ Granted February 13, 1976.
*284 Holloway, Baker, Culpepper & Brunson by Donnie G. Brunson, Jonesboro, for defendants-appellants.
Emmons, Henry & Reeves by Joseph A. Reeves, Jr., Jonesboro, for plaintiffs-appellees.
Before PRICE, MARVIN and GLADNEY, JJ.
En Banc. Rehearing Denied January 6, 1976.
MARVIN, Judge.
Defendants, W. H. Owen, Charles Wayne Bush, and Wayne S. Bush, appeal from a judgment which set aside sales by parents to children, holding the sales to be disguised donations and donations omnium bonorum. The judgment named and declared the forced heirs of the parents to be owners of an undivided one-seventh interest in the land in question. We affirm.
On October 12, 1957, I. M. Owen died intestate. His wife, Henrietta Owen, died intestate in 1970. On March 22, 1957, I. M. Owen and his wife executed three instruments purporting to be cash sales by authentic act to two sons:
TRACT ONE:
To W. H. Owen, the Northeast Quarter of the Northwest Quarter of Section 24, Township 17 North, Range 2 West, containing 40 acres, more or less, for a recited $100.00 consideration;
TRACT TWO:
To J. B. Owen, the Northwest Quarter of the Northwest Quarter of Section 24, Township 17 North, Range 2 West, containing 40 acres, more or less, except four acres in the northeast corner previously acquired by the vendee, for a recited $720.00 consideration;
TRACT THREE:
To W. H. Owen and J. B. Owen, the north fifteen acres of the Southeast Quarter of the Northwest Quarter of *285 Section 24, Township 17 North, Range 2 West, for a recited $300.00 consideration.
In 1972, J. B. Owen transferred his onehalf interest in tract three above to his brother, W. H. Owen, for $1,500.00, after a partition suit was filed. On January 29, 1973, defendant, W. H. Owen, executed two credit sales conveying in separate parts all of tracts one and three above to defendants, Wayne S. Bush and Charles Wayne Bush. Wayne S. Bush and, by stipulation that his testimony would be the same, Charles Wayne Bush admitted that W. H. Owen stated he had acquired the property from his father and that there was a question as to whether he could give a "clear deed" to the property before the credit deeds were executed to Messrs. Bush in 1973.
J. B. Owen, Berta Lee Owen Green, Carene Elizabeth Owen Walker, Mary Alma Owen Richardson, Grady Hopson Owen, and Lora Ella Owen Brewster, alleging themselves to be six of seven forced heirs of Mr. and Mrs. I. M. Owen, attacked these sales as donations in disguise and in contravention of La.C.C. Art. 1497 in this suit filed October 31, 1973.
Louisiana Civil Code Article 2444 provides:
"The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of sale."
J. B. Owen judicially confessed that he paid no consideration to his parents for property deeded him on March 22, 1957. See La.C.C. 2291. W. H. Owen contended that he had given consideration for property deeded him, but produced no receipts or other supporting evidence. The trial court found that no price was paid by either son for any of the property deeded by the parents. Giving great weight to the trial judge's finding of fact as required by Canter v. Koehring, 283 So.2d 716 (La. 1973), we find no manifest error in the lower court's factual findings. The cash sales of March 22, 1957, to W. H. Owen and J. B. Owen, were correctly held to be disguised donations under La.C.C. Art. 2444.
To these disguised donations, the rules pertaining to donations inter vivos are therefore applicable, particularly La.C.C. Art. 1497:
"The donation inter vivos shall in no case divest the donor of all his property; he must reserve to himself enough for subsistence; if he does not do it, the donation is null for the whole." (Emphasis supplied).
The trial judge found that Mr. and Mrs. I. M. Owen divested themselves of all property without reservation of an amount sufficient for subsistence. The record establishes that the donors owned no immovable property other than the tracts they attempted to transfer on March 22, 1957. The record also indicates that Mr. and Mrs. Owen's income was monthly welfare and social security checks, and that there was no other property owned by them when the disguised donations were made. We find no manifest error in the lower court's holding that the purported cash deeds of March 22, 1957, from Mr. and Mrs. I. M. Owen to their sons, W. H. Owen and J. B. Owen, are donations omnium bonorum.
The jurisprudence under La.C.C. Art. 1497 clearly establishes that a donation in contravention of this article is an absolute nullity. See Litton v. Stephens, 187 La. 918, 175 So. 619 (1937), and Givens v. Givens, 273 So.2d 863 (La.App. 2d Cir. 1973), and cases cited therein. In Litton, Justice Land as the organ of the court, stated:
"A contract whereby one gives away his property, without reserving enough for *286 his own subsistence, . . . is void ab initio, as contravening a prohibitory law. . ."
Since La.C.C. Art. 1497 is a prohibitory law, whatever is done in contravention of it is absolutely void ab initio. See also La.C.C. Art. 12; 6 S. Litvinoff, Louisiana Civil Law Treatise § 103 (1969). In Givens, supra, we said:
". . . a donation omnium bonorum as defined by LSA-C.C. Article 1497, supra, is a nullity and . . . a suit to set aside such a transaction is imprescriptible and can be brought at any time. Lagrange v. Barre, 11 Rob. 302 (La.1845); Kirby v. Kirby, 176 La. 1037, 147 So. 70 (1933); Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400 (1922); Magee v. Stacey, 223 So.2d 194 (La.App. 3d Cir. 1969)." Givens, 273 So.2d 865.
In stating the effect of the nullity imposed by the article, some cases have employed broader language than perhaps was necessary to the decision, resulting in ostensible conflicts or confusion in the jurisprudence.[1] This statement for instance was made in Dugas v. Talley, 109 So.2d 300, 304 (La.App. 1st Cir. 1959).
"It is the settled jurisprudence that when an instrument is in the form of an act of sale and the property has passed into the hands of a third party purchasing on the face of the public records, that Article 2464 (relating to the adequacy of the consideration); . . . and Article 1497 (relating to donations omnium bonorum), do not apply." 109 So.2d 304.
In Hearon v. Davis, 8 So.2d 787, 793 (La.App. 2d Cir. 1942), it was said:
"Whether or not a donor reserves to himself sufficient property to provide him with subsistence is a question of fact, which, of course, the public records do not disclose. However, a purchaser from the donee assumes the risk of losing the property to the donor if the facts warrant application of the rule laid down in Article 1497 of the Civil Code."
In Dugas and Hearon, the donation was in the form of a sale and forced heirs were asserting the nullity against third party purchasers as well as donees.
In Litton, supra, it was in the form of a donation and a forced heir was seeking to annul as against a third party purchaser. There the court said:
"The donation in this case being void ab initio, the donee acquired no title, and the sale by the donee to her codefendant, Mrs. Mamie Wynn Nichols, conveyed no title.
"Neither of the defendants has title to the land in dispute, since the donation is *287 null ab initio, and is not an act translative of property.
"The prescription of five years, pleaded by defendants under article 3542 of the Revised Civil Code, is therefore overruled under the authorities above cited.
"The prescription of thirty years, pleaded under articles 1030 and 3548 of the Revised Civil Code by defendants, and the pleas of estoppel herein tendered by them, are also without merit and are overruled, as defendants are without title and, therefore, without actual interest to pursue in the matter. Besides, neither of the defendants pretends to have had actual corporeal possession of the land in dispute during thirty years." 175 So. 621.
In Broussard, supra, the donation was in the form of an exchange and the nullity was claimed by the donor also against a third party purchaser. There it was said:
"The purported act of exchange was therefore void ab initio, and Doucet acquired no title from the plaintiff . . . (citations omitted).
"If we could stop here, the case would be a simple one. However, appellants,. . . rely on the law of registry as announced by this court in the leading cases of McDuffie v. Walker, 125 La. 152, 51 So. 100, and Martin v. Fuller, 214 La. 404, 37 So.2d 851.
"We give full recognition to the holding of those cases. However, we do not think that the law of registry has any application to the facts and circumstances of the instant case . . . As we have pointed out before, both Doucet and Marceaux had full knowledge of all the facts which we have set out above. Marceaux was a cousin of plaintiff, was aware of her feeble mental condition, knew she owned no other property, actually was a witness to the purported act of exchange, and subsequently acquired the property for $800 and a few days later conveyed it to Guidry for $2,125."
In Givens v. Givens, 273 So.2d 863 (La. App. 2d Cir. 1973), we held that thirty year acquisitive prescription could be successfully pleaded by a donee-forced heir who had placed of record a sale disguised as a donation, as against his co-heir, also a forced heir. There, we said:
"The plaintiff correctly contends that a donation omnium bonorum as defined by LSA-C.C. Article 1497, supra, is a nullity and that a suit to set aside such a transaction is imprescriptible and can be brought at any time. LaGrange v. Barre, 11 Rob. 302 (La.1845); Kirby v. Kirby, 176 La. 1037, 147 So. 70 (1933); Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400 (1922); Magee v. Stacey, 223 So.2d 194 (La.App. 3d Cir. 1969). * * *
"Plaintiff cites Jenkins v. Svarva, 131 La. 749, 60 So. 232 (1912) as authority for his position that the donee, or one standing in his shoes, as distinguished from a third person, cannot assert acquisitive prescription in defense of an action to set aside a donation omnium bonorum under Article 1497. In Jenkins, the defendant was a third party purchaser under a chain of conveyances emanating from the original donee. The court sustained defendant's plea of ten years acquisitive prescription based on good faith possession under a deed translative of title. Plaintiff seeks to derive comfort from language of the court holding that a `third person' could successfully assert the plea of prescription, indicating, according to plaintiff, that the donee or one in his shoes could not do so. Plaintiff's analysis attempts to read into Jenkins an implication that does not exist. There the court was dealing with a `third person' and with a plea of ten years prescription. The court was not presented with the issues involved in the *288 instant case on a plea of thirty years prescription and did not consider or pass on the issue presented here. The Jenkins case is, however, authority for defendant's position here that his title rests on adverse possession, not the validity of the donation, and that the imprescriptibility of the action to annul the donation does not mean that the property cannot be adversely acquired by acquisitive prescription. The rationale of Jenkins is that the donor, who remains the owner because the donation is null, occupies no better position than any other owner. It follows that the donee, who has no claim to title based on the null donation but whose sole claim must necessarily be based on possession, is in no worse position than any other adverse possessor." 273 So.2d 863, 865, 866.
It is obvious that each case, wherein the nullity has been asserted, has been decided on the basis of (1) the form of the donation omnium bonorum (2) the capacity of the person asserting the nullity and (3) the capacity of the person in possession of the property against whom the nullity was asserted.
Also there has been scholarly criticism of the nullity ("null for the whole," as the article says) being absolute. See 6 L.L.R. 98. Notwithstanding this, in the expressions of the Supreme Court, beginning with LaGrange in 1845 to Broussard in 1958, except for Turgeau in 1912, the nullity has been held absolute and the donation void ab initio.
In the instant case, we note that in the record below, Wayne S. Bush, and by stipulation that his testimony would be the same, Charles Wayne Bush, admitted that before the credit deeds to them were executed, W. H. Owen told Wayne S. Bush that he had acquired the property from his father and that there was some question whether he could give either of the Messrs. Bush a "clear deed."
We state the effect of La.C.C. Art. 1497 and summarize the principles derived from the jurisprudence in this fashion:
When one gives away his property without reserving enough for his subsistence, the contract by which this is done is an absolute nullity and is void ab initio in contravention of a prohibitory law (La.C. C. Art. 12) as a donation omnium bonorum under La.C.C. Art. 1497. This is true whatever the form of the donation, whether disguised as a sale or an exchange or in conventional form of an inter vivos donation. LaGrange, Litton, Broussard, Hearon, supra.
A suit by the donor or his forced heirs against the donee is imprescriptible and can be brought at any time as against a claim of liberative prescription, LaGrange, Kirby, supra; Welch v. Forest Lumber Co., 151 La. 960, 92 So. 400 (1922); Magee v. Stacey, 223 So.2d 194 (La.App. 3d Cir. 1969).
If the donation be disguised in the form of a sale (Hearon) or an exchange (Broussard) and the recited consideration given for the donated property is not serious and out of proportion to the value of the property (La.C.C. Arts. 2464, 2444), these facts shall be deemed to be as selfevident to and binding upon a subsequent purchaser from the donee as in the case of an inter vivos donation in conventional form. (Litton, Broussard, Hearon, supra.)
When the donation is, or is deemed to be self-evident, it is a question of fact whether the donor has retained sufficient property for his subsistence (Hearon), and notwithstanding the protection afforded third party purchasers by the public records doctrine, the purchaser from the donee assumes the risk of losing the property to the donor or his forced heirs (after his death) because of the nullity declared by the La.C.C. Art. 1497 (Broussard). In *289 such a case, the donation in whatever form or however disguised is not an act translative of title. (Litton, Hearon, supra.)
A thirty year acquisitive prescriptive title (La.C.C. Arts. 3475, 3499, 3500), which does not depend of course, upon the validity of any recorded instrument, may be established where the legal requisites are met (Givens). Liberative prescription may not be successfully pleaded by the third party purchaser in cases where the donation is or is deemed to be self-evident. Estoppel also is not applicable (Litton).
Where a purchaser from the donee, as here, is informed by the donee of the source of the donee's title and that the donee's title is questionable, before the purchaser acquires title from the donee, there is even more reason not to afford to the purchaser the protection afforded by the public records doctrine. See Broussard and other cases cited, supra.
Under the circumstances of this case, the donation in disguise was void ab initio under La.C.C. Art. 1497. The sale disguised as a donation here was not an act translative of title. The purchasers from the donee were informed of the source of the donee's title and of the question whether he could convey a "clear deed." Under these circumstances, the fact of the donation omnium bonorum should have become, and is deemed to be, self-evident to the purchasers from the donee, and they purchased the property under the risk that they could lose it to the forced heirs of the donor. Thirty year acquisitive prescription has not been established and cannot be claimed here.
The bringing of a suit claiming title from their deceased parents is an unconditional acceptance by the six plaintiffs of the successions of their mother and father. The heirship evidence and other necessary information is not disputed in any way. The trial court placed these six parties, with the defendant, W. H. Owen, into possession of the estates as forced heirs. Soule v. West, 185 La. 655, 170 So. 26 (1936). The arguments made on appeal relating to collation are improper in this proceeding.
"However, as held in Taylor v. Brown, [223 La. 641, 66 So.2d 578], supra, collation is not properly demandable in this suit which is primarily an action to set aside a sale by a parent to one of his children on the ground that it is a donation in disguise. Collation was held, in Lamotte v. Martin, 52 La.Ann. 864, 27 So. 291 (1899), to be an incident to an action for a partition, and `is made only to the succession of the donor.' LSA-C.C. Art. 1242." Jackson v. Jackson, 175 So.2d 360 (La.App. 2d Cir. 1965).
The judgment below, at appellant's cost, is
Affirmed.
MARVIN, Judge (Per Curiam).
A Rehearing is sought in this case. It is pointed out in the application therefor that the record does not support the statement in the opinion that W. H. Owen stated to the defendant-vendees of the property that there was some question as to whether W. H. Owen could give a "clear deed" to the property because the property derived from his father. The statement mentioned was made to the defendant-vendees by J. B. Owen and not W. H. Owen. Both J. B. Owen and W. H. Owen acquired by the disguised donation from their father Tract Three of the property in question which was later sold to the defendant-vendees. The fact that the source of the statement to defendant-vendees was inadvertently given does not avail defendant-vendees. The statement was in fact made as defendant-vendees admit. Rehearing is therefore denied.
NOTES
[1] Compare statements in (1) Succession of Turgeau, 130 La. 650, 58 So. 497, 499 (1912) that the right to annul is of a "personal character" to the donor and after his death the nullity may be asserted by forced heirs only "to the extent of their legitime;" in Bernard v. Noel, 45 La.Ann. 1135, 13 So. 737, 738 (1893) that the nullity "is absolute only relatively to the particular persons in whose special interest it (the article) was passed. . .;" and in Maxwell v. Maxwell, 180 La. 35, 156 So. 166 (1934) that the right of asserting the nullity was personal to the donor, with (2) LaGrange v. Barre, 11 Rob. 302 (La.1845); Litton v. Stephens, 187 La. 918, 175 So. 619 (1937) and Broussard v. Doucet, 236 La. 217, 107 So.2d 448 (1958), to effect that the nullity is "absolute" and the donation omnium bonorum is void "ab initio" and is "not an act translative of title."

Also compare statements in (3) Jenkins v. Svarva, 131 La. 749, 60 So. 232, 233 (1912), that the right to assert the nullity may be enforced against a purchaser in good faith, citing Beaulieu v. Monin, 50 La.Ann. 732, 23 So. 937 (1898), and Hearon v. Davis, 8 So.2d 787, 792 (La.App. 2d Cir. 1942), with (4) Dugas v. Talley, 109 So.2d 300 (La. App. 1st Cir. 1959) that the nullity may not be and was not allowed to be asserted against a purchaser from the donee. See also 6 L.L.R. 98 and 31 L.L.R. 224. The statement in Turgeau, supra, is commended by the law review writers as being more in harmony with the policy behind the nullity and more in accord with the design of the civil code relegating the forced heir to an action to reduce to the disposable portion, donations by their deceased ascendant. La.C.C. Art. 1504.